**Paul Louis MARTINEZ, Petitioner–Appellant,**

v.

**Robert FURLONG, Superintendent, Respondent–Appellee.**

**No. 94SA223.**

Supreme Court of Colorado,
En Banc.

April 10, 1995.

Paul Louis Martinez, pro se, Cañon City.

No Appearance by respondent-appellee.

Justice ERICKSON delivered the Opinion of the Court.

The appellant, Paul Louis Martinez, filed a petition for a writ of habeas corpus in Lincoln County District Court, asserting that he was eligible for release from custody. The district court dismissed the petition for habeas corpus without holding a hearing. The appellant's petition and attached documents show that he is not entitled to immediate release, and we affirm the judgment of the district court.

## I

The record contains the petition for habeas corpus and supporting documents. The documents filed with the petition for habeas corpus indicate that the appellant was convicted in 1978 of first degree murder, committed in 1975, and was sentenced to life imprisonment. The appellant's 1978 judgment of conviction, sentence and mittimus stated, "Note: This Defendant is eligible for parole in 10 years, in that this crime occurred in 1975 and falls under the old provisions of the statute dealing with eligibility for parole."

The appellant escaped from confinement in August 1981. Following his apprehension, the appellant was convicted of escape, a class 2 felony, in Fremont County District Court, and sentenced to fourteen years, to run consecutively to his life sentence. In 1988, the appellant's escape sentence was amended to eight years, to run consecutively to his life sentence.

In his petition for habeas corpus, and in this appeal, the appellant maintains that he was entitled to a parole hearing in 1988, exactly ten years after the imposition of his life sentence. He further alleges that, because no such hearing was held, in violation of his constitutional and statutory rights, he should be deemed to have been placed on parole as of 1988, and his sentence for escape would then begin to run. Finally, the appellant asserts that he is entitled to release because he has served his sentence for escape.

■ Putting aside the fact that the appellant escaped in 1981, he still had no constitutional or statutory right to a parole hearing ten years after the imposition of his life sentence. Section 17–22.5–104(2)(a), 8A C.R.S. (1994 Supp.), provides:

(2)(a) No inmate imprisoned under a life sentence for a crime committed before July 1, 1977, shall be paroled until such inmate has served at least ten calendar years, and no application for parole shall be made or considered during such period of ten years.

■ Neither this section nor the statement on the appellant's 1978 mittimus mandates that the appellant be deemed to have been paroled ten calendar years after the date of sentencing if a parole hearing is not held on that date. Moreover, as the district court below noted, parole is discretionary, not mandatory, for persons such as the appellant who have been sentenced for crimes committed before July 1, 1979.

Prior to the enactment of "mandatory" parole provisions by the legislature in 1979, the parole of prisoners from correctional institutions was a matter within the *sole* discretion of the Parole Board. Inmates serving prison sentences for crimes committed before July 1, 1979 could receive the following three types of credits which potentially reduced their sentences: (1) "statutory good time" under section 17–22.5–201(1); (2) "trusty time" under section 17–22.5–201(2); and (3) "meritorious time" under section 17–22.5–201(3). *Price v. Mills,* 728 P.2d 715, 717 (Colo.1986). However, credits earned merely determined the date on which the inmate became *eligible* for parole. Once such an inmate became eligible for parole, the Parole Board had complete discretion to grant or deny parole to that person. *See* § 17–2–201(5)(a), 8A C.R.S. (1986); *People v. Montgomery,* 669 P.2d 1387, 1392 (Colo. 1983).

*Thiret v. Kautzky,* 792 P.2d 801, 804 (Colo. 1990) (footnote omitted). Since the appellant had no constitutional or statutory right to be paroled for his life sentence in 1988, the rest of his arguments are not persuasive. Nor do we discern any ambiguity in the statutes cited by the appellant to call for use of the rule of "lenity."

It is evident, therefore, that the appellant has not yet discharged his full sentence, and is not entitled to immediate release from confinement. Accordingly, the judgment of the district court dismissing the appellant's petition for writ of habeas corpus must be affirmed.

## II

■ The district court properly denied the petition without a hearing since it appears on the face of the appellant's petition and supporting documents that he is not entitled to habeas corpus relief. *Brant v. Fielder,* 883 P.2d 17, 21 (Colo.1994). The judgment of the district court is therefore affirmed.