Jeffrey Scott BEEBE, Plaintiff,

v.

Peggy HEIL, et al., Defendants.

No. CIV.A.02–D–1993(BNB).

United States District Court,
D. Colorado.

Aug. 30, 2004.

Jeffrey Scott Beebe, Burlington, CO, pro se.

Joseph Patrick Sanchez, Denver, CO, Daniel Bernard Slater, McDermott Law Firm, Canon City, CO, for Defendants.

## MEMORANDUM OPINION AND ORDER REJECTING MAGISTRATE JUDGE'S RECOMMENDATION AND DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

Daniel, District Judge.

THIS MATTER comes before the Court on Defendants' Motion for Judgment on the Pleadings, filed July 7, 2003. The motion was referred to Magistrate Judge Boyd N. Boland for recommendation by Order of Reference signed December 20, 2002, and filed December 23, 2002. Magistrate Judge Boland issued an Order and Recommendation of United States Magistrate Judge on April 5, 2004, which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Because Plaintiff, appearing *pro se,* filed a timely Objection and because the nature of the matter is dispositive, I must review *de novo* those specified proposed findings or recommendations to which objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

## I. Background

Plaintiff states in his Amended Complaint that he pled guilty on February 20, 2001 to a sex offense pursuant to Colo. Rev. Stat. § 18–3–305(1), after which he was sentenced to an indeterminate sentence of three years to life in incarceration and placed in the custody of the Colorado Department of Corrections. (Am.Compl. ¶¶ 10–14.)

Under Colorado law, a sex offender is required as part of his or her sentence to undergo "appropriate" treatment. *See* Colo. Rev. Stat. §§ 18–1.3–1004(3) and 16–11.7–106. The sex offender is further required to undergo an evaluation to determine what kind of treatment would be appropriate for him or her. *See* Colo. Rev. Stat. §§ 16–11.7–104, 16–11.7–105. For a sex offender to be eligible for release on parole, the parole board must consider "whether the sex offender has successfully progressed in treatment." Colo. Rev. Stat. § 18–1.3.1006(1)(a). Thus, participation in a treatment program is an absolute prerequisite for release on parole. *See id.*

According to the Amended Complaint, Plaintiff signed a "Phase I Treatment Contract" on July 20, 2001. (Am.Compl. ¶ 16.) Plaintiff contends that he "was required to sign the 'Phase I Treatment Contract' in order to be eligible for statutorily mandated treatment, and signed the contract under duress." (*Id.* ¶ 17.) Plaintiff further states that he began participation in the treatment program on or about September 20, 2001. (*Id.* ¶ 18.)

On or about May 15, 2002, however, Plaintiff's participation in the treatment program was allegedly terminated by one of the therapists in Plaintiff's Phase I treatment group, Sally Chapman. Plaintiff alleges that this termination occurred "without prior written notice of the reason for his termination, without an opportunity to be heard by a neutral factfinder, with-

out an opportunity to present evidence in his defense, and without an opportunity to present witnesses in his defense." (*Id.* at ¶ 25.)

Plaintiff asserts that Defendants violated his right to procedural and substantive due process under the Fourteenth Amendment of the United States Constitution. First, Plaintiff contends that Defendants Chapman and Mitch Maestas, another therapist, owed him "the legal duty to provide him with due process protections of his liberty interest in continued participation in treatment before terminating Plaintiff from treatment." (*Id.* ¶ 23.)

Second, Plaintiff states that, to the best of his knowledge, "neither the Colorado Department of Corrections nor its Sex Offender Treatment and Monitoring Program has a practice and/or policy requiring sex offenders to be provided with due process protections before they are terminated from sex offender treatment." (*Id.* ¶ 28.) He contends that Defendant Peggy Heil, as administrator of the Sex Offender Treatment and Monitoring Program (SOTMP), "owed Plaintiff a legal duty to ensure a practice and/or policy was instituted within the SOTMP which would provide Plaintiff with due process protections prior to his termination from treatment." (*Id.* ¶ 29.) He makes similar allegations regarding Defendant Joseph Ortiz, Executive Director of the Colorado Department of Corrections. (*Id.* ¶ 30.) Plaintiff avers that Heil and Ortiz's failure to institute such practice or policy resulted in a deprivation of his substantive due process rights. (*Id.* ¶ 31.) He further asserts that in so doing, Heil and Ortiz "acted with deliberate indifference to Plaintiff's liberty interest in continued participation in treatment and deprived him of this liberty interest in such a way as to shock the contemporary conscience." (*Id.* ¶ 32.)

## II. Standard for Evaluating Defendants' Motion for Judgment on the Pleadings

A Rule 12(c) motion for judgment on the pleadings is reviewed under the standard of review applicable to a Rule 12(b)(6) motion to dismiss. *McHenry v. Utah Valley Hosp.*, 927 F.2d 1125, 1126 (10th Cir. 1991). Thus, dismissal is appropriate only if it appears that a plaintiff can prove no set of facts under which he would be entitled to relief. *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 924 (10th Cir.1994). In reviewing the motion, I must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to plaintiff. *Estes v. Wyoming Dep't of Transp.*, 302 F.3d 1200, 1203 (10th Cir.2002). The dismissal of a complaint is a "harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Summum v. Callaghan*, 130 F.3d 906, 913 (10th Cir.1997).

## III. Analysis

In his Recommendation, Magistrate Judge Boland recommends that the case be dismissed after concluding that Plaintiff "does not have a protected liberty interest in continued participation in the sex offender treatment program on the basis that the program is required for his eligibility for parole." (Recommendation at 3.) While it is true that Plaintiff has no liberty interest in parole under Colorado's indeterminate sentencing scheme since the scheme vests full discretion to grant parole in the parole board, *see Martinez v. Furlong*, 893 P.2d 130, 131 (Colo.1995), Magistrate Judge Boland improperly leaps to the conclusion that this means that Plaintiff has no liberty interest in participating in the treatment program that could lead to his parole. In addition, Magistrate

Judge Boland's summary of Plaintiff's claims is incomplete in that he fails to recognize that Plaintiff is claiming that his procedural and substantive due process rights were violated because of the manner in which he was terminated from the program.

Whether a prisoner has a liberty interest in participation in a statutorily mandated sex offender treatment program is a question of first impression in this Circuit, as is the question of whether due process must be provided to a convicted sex offender before he can be excluded from such a program. Having now reviewed the file, I find that Plaintiff's Amended Complaint properly asserts a due process violation pursuant to the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. For the reasons discussed below, I agree with Plaintiff's contention that Defendants' Motion for Judgment on the Pleadings must be denied and that his objection to the magistrate judge's Recommendation should be sustained.

## A. The Action Properly Asserts a Claim Pursuant to 42 U.S.C. § 1983

■ First, I agree with Plaintiff that this action is properly brought under 42 U.S.C. § 1983 rather than pursuant to a writ of habeas corpus.[1] Challenges to "the very fact or duration of [a prisoner's] physical confinement itself," or actions by prisoners "seeking immediate release or a speedier release from confinement" must be brought under the habeas statute. *Preiser v. Rodriguez,* 411 U.S. 475, 498, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). However, where "a district court determines that [a] plaintiff's action, even if successful, will *not* demonstrate the invalidity of any out-

standing criminal judgment against the plaintiff, the action should be allowed to proceed [as a § 1983 action], in the absence of some other bar to the suit." *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

In the instant case, Plaintiff is not challenging the legality of his confinement, but rather the propriety of the Colorado Department of Corrections' denial of the treatment required by statute as one of the conditions of his sentence—both how the denial occurred and the denial itself. Although the relief Plaintiff seeks—either a declaration that Plaintiff has a liberty interest in continued participation in sex offender treatment (Am. Compl. at 8 (paragraph unnumbered)), or, more liberally construed, a declaration that he has a liberty interest in being afforded due process before being dismissed from treatment—would, ultimately, have an effect on the duration of his sentence, Plaintiff's challenge is more properly characterized as a challenge to a condition of his confinement than it is as a challenge to the validity of the criminal judgment against him. *See Leamer v. Fauver,* 288 F.3d 532, 541–44 (3d Cir.2002).

My reasoning in this regard is supported by the Third Circuit's decision in *Leamer v. Fauver,* 288 F.3d 532 (3d Cir. 2002), which I find persuasive. In that case, the Court invalidated the district court's dismissal of the due process claim of a prisoner who, like Plaintiff, was required to undergo treatment as part of his sentence and whose ability to be considered for parole, like Plaintiff's, was conditioned on his progress in treatment. *Id.* at 535, 544. The *Leamer* Court recognized as valid the plaintiff's claim under Section 1983 that the state had violated his due

---

1. Magistrate Judge Boland does not address Defendants' argument that the case should be dismissed because it attacks the duration of

Plaintiff's confinement and thus should be brought as a habeas petition pursuant to 28 U.S.C. § 2241.

process rights by failing to provide him with a hearing at which he would have had the opportunity to rebut or refute the allegations that had resulted in his expulsion from the treatment program and his consequent ineligibility for consideration for parole. *Id.* at 543–44. In this case, as in *Leamer,* a favorable ruling for Plaintiff on this action would not invalidate his sentence, nor would it necessarily shorten his sentence. Instead,

> "[t]he only benefit that a victory in this case would provide … is a ticket to get in the door of the parole board, thus only making plaintiff *eligible* for parole consideration according to the terms of [his sentence.] If [plaintiff] win[s], it will in no way *guarantee* parole or necessarily shorten [his] prison sentence by a single day. The parole board will still have the authority to deny the [plaintiff's] request[ ] for parole on the basis of any of the grounds presently available to it in evaluating such a request. A victory in this case would not alter the calculus for the review of parole requests in any way. Because the [plaintiff's] challenge in this case does not necessarily imply the invalidity of [his] conviction[ ] or continuing confinement, it is properly brought under § 1983."

*Leamer,* 288 F.3d at 543 (quoting *Neal v. Shimoda,* 131 F.3d 818, 824 (9th Cir.1997)) (emphasis in *Neal* ). Ultimately, even if Plaintiff prevails and progresses through the treatment program, discretion over the length of his sentence will continue to rest with the parole board. As such, I find that his claim is properly brought pursuant to 42 U.S.C. § 1983.

**B. Constitutional Claims**

Plaintiff claims that Defendants, acting under the color of state law,[2] deprived him of both his procedural and substantive due process rights under the Fourteenth Amendment. (Am. Compl. at 3 (paragraph unnumbered); ¶¶ 23, 29–32.) The Due Process Clause applies when government action deprives a person of liberty or property; accordingly, when there is a claimed denial of due process, a court must consider the nature of the individual's claimed interest. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). "This has meant that to obtain a protectible right 'a person must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Greenholtz,* 442 U.S. at 7, 99 S.Ct. 2100 (citation omitted).

In the case of persons incarcerated by the state, the Supreme Court has held that "a prisoner is not wholly stripped of constitutional protections when he is imprisoned for a crime." *Wolff v. McDonnell,* 418 U.S. 539, 555, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), *Chambers v. Colorado Dep't of Corr.,* 205 F.3d 1237, 1242 (10th Cir.2000) (quoting *Wolff* ). Prisoners, thus, retain some rights under the Due Process Clause. These rights, however, are "subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Id.* at 556, 94 S.Ct. 2963.

■ Where a right may not otherwise have existed, a state may create prisoner

---

**2.** Plaintiff does not specifically state in his Amended Complaint that Defendants Heil and Ortiz "acted under the color of state law," as he does for Defendants Chapman and Mestas. However, construing the Amended Complaint liberally and under a less stringent standard than that applied to pleadings submitted by an attorney, *see Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991), I find that the Amended Complaint sufficiently puts Hell and Ortiz on notice of Plaintiff's allegations against them.

rights through the use of mandatory statutory language. *See Wolff,* 418 U.S. at 557, 94 S.Ct. 2963 (noting authority of states to create rights). Where such a right is created, a prisoner is entitled to some minimal due process before he is arbitrarily deprived of it. *See id.* (holding that where state creates right to earn good-time credits toward shortened prison sentence, prisoner's right "has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrary abrogated"), *Sandin v. Conner,* 515 U.S. 472, 477, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (reiterating ruling in *Wolff*).

Colorado's Sex Offender Lifetime Supervision Act does not merely suggest that a prisoner who wants to seek parole might enhance his chances of being granted early release if he participates in a sex offender treatment program. To the contrary, the Act states, "Each sex offender sentenced pursuant to this section shall be *required* as part of the sentence to undergo treatment to the extent appropriate pursuant to section 16–11.7–105 . . . ." Colo. Rev. Stat. § 18–1.3.1004(3) (emphasis added). While the statute does vest some degree of discretion in the Colorado Department of Corrections, that discretion is not as to whether a sex offender should receive treatment; rather, it is as to what kind of treatment is "appropriate" for the offender. *Id.,* Colo. Rev. Stat. § 16–11.7–105 (requiring provision of appropriate treatment based upon evaluation of offender, recommendation of department of corrections, and other factors).

In the case at hand, Plaintiff's claim of a liberty interest is predicated on the mandatory language of the statute which requires the state to provide convicted sex offenders with treatment during their imprisonment. (See Compl. ¶¶ 1, 20.) As in *Leamer,* under Colorado's statutory scheme, "confinement and treatment are inextricably linked." *Leamer,* 288 F.3d at 544. "Neither good behavior, parole policies, or other credits can affect the term of his sentence. Only successful therapy can shorten [the prisoner's] incarceration. Therapy is thus an inherent and integral element of the scheme, and its deprivation is clearly a grievous loss not emanating from the sentence." *Id.* Accordingly, I must examine the constitutional claims asserted in the Amended Complaint to determine (1) whether Plaintiff could possess a liberty interest in treatment that was implicated for purposes of procedural and substantive due process; (2) whether Plaintiff has alleged that the procedures employed in evicting him from the treatment program comport with due process; and (3) whether Plaintiff has properly alleged that the denial of treatment was deliberately indifferent and so arbitrary as to shock the conscience for purposes of substantive due process. *See id.*

### 1. Plaintiff's Due Process Rights

In *Sandin v. Conner,* the Supreme Court held that a court determining whether a liberty interest created by state law warrants due process protection must assess the "nature" of the interest and whether the Plaintiff's being deprived of it has caused the inmate to suffer "a 'grievous loss' of liberty retained even after . . . imprisonment." *Sandin,* 515 U.S. at 480, 481, 115 S.Ct. 2293. The Court clarified that such state-created liberty interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484, 115 S.Ct. 2293. However, the Court has also recognized that a "major change" in a prisoner's conditions of confinement may amount to a

"grievous loss" to the prisoner. *See Wolff*, 418 U.S. at 572 n. 19, 94 S.Ct. 2963 (noting that "major change" can constitute constitutionally cognizable deprivation), *Vitek v. Jones*, 445 U.S. 480, 492, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (noting with approval district court finding that increased stigma suffered by prisoner transferred to mental hospital, plus accompanying increased restrictions on freedom, plus compelled treatment in mandatory behavior modification program constitutes "grievous loss").

As stated earlier, Colorado has created a scheme in which a sex offender is required to undergo treatment and in which the Colorado Department of Corrections lacks discretion to withhold treatment. *See* COLO. REV. STAT. §§ 18–1.3.1004(3), 16–11.7–105. The withholding of treatment, then, would work a "major change in the condition of [Plaintiff's] confinement," *Vitek*, 445 U.S. at 492, 100 S.Ct. 1254, since his status would change from "eligible to be considered for parole" to "ineligible to be considered for parole." Such a change would, without doubt, have a serious impact on a prisoner's morale, outlook, hope for the future, and motivation to pursue rehabilitation. As such, there can be no serious dispute that the deprivation of treatment amounts "to a grievous loss to the inmate," *Vitek* at 492, 100 S.Ct. 1254. For this reason, I find that Plaintiff's Amended Complaint asserts allegations stating a cognizable liberty interest for due process purposes.

### 2. Procedural Due Process

 Plaintiff alleges not just that he has a right to participate in the sex offender treatment program, (Am.Compl.¶ 20) but also that the Defendants failed to provide him with due process protections before terminating him from the treatment program. (*Id.* ¶¶ 21–29.) Specifically, Plaintiff contends that he "was terminated from treatment on or about May 15, 2002 without prior written notice of the reason for

his termination, without an opportunity to present evidence in his defense, and without an opportunity to present witnesses in his defense." (*Id.* ¶ 25.)

Under *Sandin*, I must consider, first, whether Plaintiff's exclusion from the treatment program itself constitutes an "atypical and significant hardship," and second, whether the failure of Defendants Chapman and Mestas to provide Plaintiff with due process before terminating him from sex offender treatment constitutes an "atypical and significant hardship." To evaluate whether a prisoner's freedom has been restrained in a manner that imposes atypical and significant hardship, the Court must carefully examine the conditions of the prisoner's confinement, *Gaines v. Stenseng*, 292 F.3d 1222, 1225–26 (10th Cir.2002), including the duration and degree of plaintiff's restrictions as compared with other inmates. *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir.1999).

I cannot make such an evaluation at this juncture in the proceedings, however, for I have no evidence before me regarding the conditions of Plaintiff's confinement. Accordingly, it was erroneous for the magistrate judge to rule that Plaintiff had failed to state a claim on procedural due process grounds.

### 3. Substantive Due Process

 "[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" *Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (quoting *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). In evaluating Plaintiff's substantive due process claim, the Court must consider whether Defendants Heil and Ortiz "have been deliber-

ately indifferent to a liberty interest and deprived [Plaintiff] of that interest in such a way that the 'behavior of the governmental officer[s] is so egregious, so outrageous that it may fairly be said to shock the contemporary conscience.'" *Leamer,* 288 F.3d at 547 (quoting *County of Sacramento v. Lewis,* 523 U.S. 833, 847 n. 8, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)). The "deliberate indifference" standard is "sensibly employed" when actual deliberation is practical. *Lewis,* 523 U.S. at 851, 118 S.Ct. 1708.

Having found that Plaintiff has properly asserted a possible violation of his procedural due process rights, *see Lewis,* 523 U.S. 833, 842 n. 5, 118 S.Ct. 1708 (noting that in any action under § 1983, first step is to identify exact contours of underlying right said to have been violated), I further find that Plaintiff has a powerful interest both in the right to participate in treatment and in being provided due process before being terminated from the treatment program—particularly since his progress in the program must be evaluated before he can be considered for parole. I further find that the allegation that no program or policy was in place to provide due process to Plaintiff before he was arbitrarily deprived of his right to treatment in the program could satisfy the "shocks the conscience" test, especially since the Amended Complaint suggests that prison officials failed to do so despite having had ample time and opportunity to establish a policy or practice that would have provided basic due process protections to Plaintiff before his termination. *See Lewis,* 523 U.S. at 853, 118 S.Ct. 1708 ("[L]iability for deliberate indifference to inmate welfare rests upon the luxury enjoyed by prison officials of having time to make unhurried judgments, upon the chance for repeated reflection, largely uncomplicated by the pulls of competing obligations. When such extended opportunities to do better are teamed with protracted failure even to

care, indifference is truly shocking."). Where the Defendants were not called upon to make split-second decisions, actual deliberation should have been employed.

In addition, in a case such as this, where "the authorities were not merely supposed to reflect and care, but in addition were to carry out a prescribed course of treatment," *Leamer,* 288 F.3d at 547, the allegation that the prison officials who failed to institute a practice or procedure to provide due process to Plaintiff before his exclusion from the program were "deliberately indifferent" must be evaluated to determine whether their behavior "shocks the conscience." *Id.* (citing *Lewis* ). Magistrate Judge Boland did not conduct such evaluation. Accordingly, the finding that the Motion for Judgment on the Pleadings should be granted is clearly erroneous, the Recommendation is rejected, and the Motion will be **DENIED.** The Court expresses no ultimate opinion on the merits of the case; rather I conclude only that the Amended Complaint states sufficient facts to survive a motion for judgment on the pleadings.

## IV. Conclusion

On the basis of the foregoing, I conclude that Plaintiff has properly asserted a claim pursuant to 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment. Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge, dated April 5, 2004, is **REJECTED.** It is

FURTHER ORDERED that Defendants' Motion for Judgment on the Pleadings, filed July 7, 2003, is **DENIED.**