**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEE HELM,

       Plaintiff-Appellant,

v.

STATE OF COLORADO; JOE
ORTIZ, Director of D.O.C.; and
ALLEN STANLEY, Chairman of
Parole Board,

       Defendants-Appellees.

No. 07-1070
(D.C. No. 06-CV-00624-PSF-CBS)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Lee Helm is a state prisoner housed in a Colorado prison facility. He

contends that he is entitled to be housed in a hospital or mental health facility and

to receive treatment as a sex offender; the defendants' failure to provide him with

such housing and treatment, he alleges, amounts to a violation of his

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

constitutional guarantees to due process and equal protection. The district court, in concordance with a magistrate judge's recommendation, granted defendants' motion to dismiss Mr. Helm's claims in their entirety. We affirm.

* * *

After his conviction for first-degree sexual assault and second-degree kidnapping, Mr. Helm was sentenced under the Colorado's Sex Offender's Act of 1968, Colo. Rev. Stat. §§ 16-13-201, *et seq.* (1991) ("1968 Act"), to the custody of the Department of Corrections ("DOC") for an indeterminate period. In his operative amended complaint, Mr. Helm contends that the conditions of his confinement violate due process because his commitment under the 1968 Act to an indeterminate term was premised on the supposition that he would undergo psychiatric treatment in a medical setting, something he alleges has never occurred. Mr. Helm's equal protection claim is based on the contention that he has not been treated like others committed under the 1968 Act who have received proper housing and treatment.[1]

With respect to Mr. Helm's due process claim, the district court held that the 1968 Act, which covers those, including Mr. Helm, who committed sexual

---

[1] The district court determined that its review of Mr. Helm's claims was most appropriately conducted through the prism of 42 U.S.C. § 1983, rather than that of 28 U.S.C. § 2241. Order, 2007 WL 322770, at *4-5; *accord Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005); *Reed v. McKune*, 298 F.3d 946, 953 (10th Cir. 2002). This is not challenged on appeal.

-2-

offenses prior to November 1998, Colo. Rev. Stat. § 18-1.3-902 (2007), does not require the DOC to place Mr. Helm in a treatment facility or program. *See* Order at *6; Colo. Rev. Stat. § 18-1.3-904; *id.* § 18-1.3-903(3). Once Mr. Helm was committed to the DOC, the parole board's decision where and how to place him within the state penal system was a matter of discretion. *See* Colo. Rev. Stat. § 16-13-216; *see also generally Mahn v. Gunter*, 978 F.2d 599, 602 (10th Cir. 1998) (holding that a Colorado inmate has no liberty interest in the state parole board's wholly discretionary decision).

The district court recognized that since the passage of the 1968 Act, the Colorado legislature has amended course in this arena. Emphasizing the success and importance to public safety of providing treatment to those committed for sexual offenses, in 1998 the legislature made treatment for sex offenders mandatory, not discretionary, on the part of the DOC. *See* Colo. Rev. Stat. §§ 18-1.3-1001, 1004(3). While acknowledging the value of such treatment, however, the legislature deliberately chose to retain the 1968 Act's discretionary regime for offenses committed before November 1998. *See* Colo. Rev. Stat. § 18-1.3-902 (2007); 2002 Colo. Sess. Laws ch. 318. Whatever the wisdom of this choice, the district court recognized and gave effect to the legislature's decision, holding that, while the 1998 Act *requires* inmates convicted under it to undergo treatment,

for those subject to the 1968 Act, the question of placement and treatment remains one of discretion.[2]

With respect to Mr. Helm's equal protection claim, the district court acknowledged Mr. Helm's allegation that he was not treated like those committed to treatment facilities under the 1968 Act. The court nonetheless dismissed his claim because, it held, Mr. Helm's allegation of differential treatment was conclusory and failed to include factual averments suggesting that Mr. Helm is "similarly situated" to others sentenced under the 1968 Act who received the housing and treatment he seeks.

Finally, although the issue was not raised by the parties or discussed by the magistrate judge, the district court *sua sponte* addressed the constitutionality of Mr. Helm's indeterminate sentence, summarily concluding that it comports with due process, equal protection, and Eighth Amendment norms.

* * *

---

[2] It is on this basis, then, that the district court distinguished *Beebe v. Heil*, 333 F. Supp. 2d 1011, 1016-17 (D. Colo. 2004), and its holding that those convicted under the 1998 Act have a statutory right to receive sex offender treatment, the deprivation of which violates a prisoner's constitutionally protected liberty interest. The district court also corrected Mr. Helm's mistaken impression that transfer to a facility where he can obtain proper psychiatric treatment is a prerequisite for parole. *See* Order at *4-5. For those convicted under the 1968 Act, the parole board has exclusive authority to parole any person committed to the custody of the DOC, *see* Colo. Rev. Stat. § 16-13-216 (2007), and unlike the 1998 Act at issue in *Beebe*, the 1968 statute does not require the board to consider successful participation in a treatment program. *See id.*; Order at *4-5.

We review the district court's grant of the defendants' motion to dismiss *de novo*, accepting all well-pleaded factual allegations as true and viewing them in the light most favorable to Mr. Helm. *See Lovell v. State Farm Mut. Auto Ins. Co.*, 466 F.3d 893, 898-99 (10th Cir. 2006). Because he is proceeding *pro se*, we construe his pleadings with special solicitude. *See Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). Even with these standards in mind, we agree with the district court's disposition for substantially the reasons it stated, though we pause to add two additional observations.

First, with respect to Mr. Helm's equal protection claim, even if Mr. Helm's conclusory allegation sufficed to state a claim that he is similarly situated to other inmates confined under the 1968 Act who have been treated differently, Mr. Helm's pleading contains no allegation of any kind suggesting that this difference in treatment was unrelated to a legitimate penological purpose. As we explained in *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994), for a difference in treatment to give rise to an equal protection claim where no suspect classification is involved, a prisoner-litigant must allege facts indicating that this difference is not reasonably related to a proper penological purpose. This Mr. Helm fails in any manner to do.

Second, we see no reason to reach the thorny issues associated with the question whether the indeterminate sentencing provision of the 1968 Act

comports with constitutional guarantees contained in the Eighth and Fourteenth Amendments. Even liberally construing his pleadings and briefs, Mr. Helm has not argued that the indeterminate sentencing provision of the 1968 Act is unconstitutional; as the district court frankly acknowledged, the matter simply was not "raised by the parties or discussed by the Magistrate Judge." Order at 10.[3] Because we generally avoid passing on the constitutionality of legislation when possible, *see, e.g., United States v. Resendiz-Ponce*, __ U.S. __, 127 S. Ct. 782, 785 (2007); *United States v. Cardenas-Alatorre*, 485 F.3d 1111, 1115 n.9 (10th Cir. 2007), not to mention when the matter is not fairly raised by the parties, we believe these issues are best left for another day.

\* \* \*

For the foregoing reasons, we affirm the district court's judgment dismissing Mr. Helm's amended complaint, though we express no views on its *sua sponte* consideration of the constitutionality of the 1968 Act in the course of

---

[3] Likewise, Mr. Helm's equal protection claim regarding the treatment of those convicted under the 1968 Act does not call upon us to address the distinct and perhaps more involved question whether the legislature's decision to treat those convicted under the 1968 Act differently from those governed by the 1998 Act passes constitutional muster.

-6-

its opinion-order.  We grant Mr. Helm's application to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge