FILED
United States Court of Appeals
Tenth Circuit

February 16, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GREGORY STEWART HUBLER,

Plaintiff–Appellant,

v.

RUSTY LANDER,

Defendant–Appellee.

No. 10-1420

(D.C. No. 08-CV-02546-PAB-BNB)

(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This case is therefore ordered submitted without oral argument.

In this § 1983 action, Appellant, a state prisoner proceeding pro se, argues

that prison officials violated his due-process rights by changing his sex offender

sub-classification in a way that lowered the amount of earned-time credits he was

eligible to receive. The district court held that Appellant was not entitled to due

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

process in the change of his sub-classification and therefore dismissed the action. This appeal followed.

"To invoke the protections of procedural due process, a plaintiff must establish the existence of a recognized property or liberty interest." *Setliff v. Mem'l Hosp. of Sheridan Cnty.*, 850 F.2d 1384, 1394 (10th Cir. 1988). "Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). An inmate may have a liberty interest in his initial classification as a sex offender due to the stigma attached to the label. *See Chambers v. Colo. Dep't of Corr.*, 205 F.3d 1237, 1242-43 (10th Cir. 2000). However, sub-classifications within the sex offender code do not carry with them the same type of stigma since they merely indicate the inmate's readiness for participation in the treatment program.

Appellant argues he had a liberty interest in his sex offender sub-classification because an adverse adjustment to the sub-classification can result in repercussions such as reduced eligibility for earned-time credits, a higher custody level, and a reduced likelihood of parole. He cites to *Wolff v. McDonnell*, 418 U.S. 539 (1974), arguing that this case mandates due process protections whenever an action is taken that may reduce an inmate's earned-time credits. However, *Wolff* dealt with good-time credits that were provided as a statutory right and could only be lost if prisoners were guilty of serious misconduct.

*Wolff*'s due-process procedures do not apply to discretionary awards of earned-time credits like those involved in the Colorado scheme. *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006); *Templeman*, 16 F.3d at 370; *see also Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 463 (1989) ("We have also articulated a requirement, implicit in our earlier decisions, that the regulations contain 'explicitly mandatory language' . . . in order to create a liberty interest."). Nor does a potentially higher custody level create a liberty interest. *See Templeman*, 16 F.3d at 369. As for parole, Appellant has not shown that a change to his sub-classification would necessarily make him ineligible for parole, even if it might be a factor considered by the parole board. *Cf. Sandin v. Conner*, 515 U.S. 472, 487 (1995) (holding that no protected liberty interest arose from a misconduct hearing where a finding of misconduct could be considered in a parole decision but would not inevitably affect the result).

Appellant relies heavily on the district court's decision in *Beebe v. Stommel*, 333 F. Supp. 2d 1011 (D. Colo. 2004), in which the district court held that an inmate sentenced to an indeterminate sentence of three years to life had a liberty interest in participating in a statutorily mandated sex offender treatment program, without which he would not be eligible for parole. Whatever the merits of that decision, we are not persuaded it has relevance to the circumstances of this case, where, as explained above, Appellant has not shown that a change in his sub-classification or his non-participation in the treatment program will deprive

him of any protected liberty interest.

For substantially the same reasons stated by the magistrate judge and the district court, we **AFFIRM** the dismissal of Appellant's complaint. We **GRANT** Appellant's motion to proceed *in forma pauperis* on appeal and remind him of his obligation to continue making partial payments until his entire filing fee has been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge