F I L E D
**United States Court of Appeals
Tenth Circuit**

APR 13 2005

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN KENT BLOOM,

Petitioner - Appellant,

v.

DAVID R. McKUNE; PHILL KLINE,
Attorney General of Kansas, ROBERT
D. HECHT, District Attorney, Third
Judicial District,

Respondents - Appellees.

No. 04-3496

(D.C. No. 03-CV-3410-SAC)

(D. Kansas)

**ORDER**

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Applicant Steven Kent Bloom was convicted by a jury of second-degree intentional murder in Kansas state court and sentenced to life imprisonment. *State v. Bloom*, 44 P.3d 305, 309 (Kan. 2002). The Kansas Supreme Court affirmed his conviction on direct appeal, see *Bloom*, 44 P.3d at 321, and denied post-conviction relief. He then filed an application under 28 U.S.C. § 2254 in the United States District Court for the District of Kansas. Applicant asserted several claims: (1) false testimony was used to obtain his conviction; (2) exculpatory evidence was concealed from the jury; (3) both his trial and appellate counsel were ineffective; (4) he was incarcerated incommunicado and thus denied the

right to plead not guilty; (5) he was denied equal protection of the laws; (6) he is actually innocent of the charge; (7) his sentence exceeded the statutory authorization; and (8) the prosecutor engaged in egregious misconduct.

The federal district court found both that Applicant did not properly exhaust his claims in state court and that his failure to adhere to Kansas appellate rules resulted in procedural default of his claims in state court. It dismissed Applicant's petition because he failed to show either (1) cause for his default and prejudice resulting from the alleged violation of federal law or (2) that a fundamental miscarriage of justice would result if his claims were not heard. The district court subsequently denied Applicant's Fed. R. Civ. P. 59(e) motion to alter or amend the judgment and his request for a certificate of appealability (COA). *See* 28 U.S.C. 2253(c)(1) (requiring a COA).

Liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), Applicant's pro se request for a COA raises eight issues: he claims that (1) false testimony and tampered evidence were presented during his trial; (2) he was denied pro se input during his direct appeal; (3) he was incarcerated incommunicado and thus denied the right to plead not guilty; (4) the prosecutor engaged in misconduct at his trial; (5) he was denied exculpatory evidence; (6) both his trial and appellate counsel were ineffective; (7) he was denied equal

protection; (8) and his sentence exceeds the statutory maximum and violates the Eighth Amendment. We deny the application and dismiss the appeal.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* We recognize that in determining whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the claims" is not required. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Instead, the decision must be based on "an overview of the claims in the habeas petition and a general assessment of the merits." *Id.*

In addition, the Antiterrorism and Effective Death Penalty Act (AEDPA) establishes deferential standards of review for state-court factual findings and

legal conclusions. "AEDPA . . . mandates that state court factual findings are presumptively correct and may be rebutted only by 'clear and convincing evidence.'" *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004) (quoting 28 U.S.C. § 2254(e)(1)). If the federal claim was adjudicated on the merits in the state court, "we may only grant federal habeas relief if the habeas petitioner can establish that the state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* (quoting 28 U.S.C. 2254(d)(1) and (2)). Furthermore, our concern is only whether the state court's result, not its rationale, is clearly contrary to or unreasonable under federal law. *Id.* at 1176.

We can readily dispose of one claim on the merits, his allegation of prosecutorial misconduct. In the state proceeding Applicant alleged that the prosecution violated an order in limine when it attempted to introduce into evidence the contents of a letter that the judge had previously ruled inadmissible. *Bloom*, 44 P.3d at 313. The attempt was unsuccessful; the contents of the letter were never revealed to the jury. *Id.* The Kansas Supreme Court held that the order in limine was not violated and the prosecutor's conduct had little likelihood of changing the outcome of the trial. *Id* at 314-15. No reasonable jurist would

-4-

argue that the Kansas Supreme Court's resolution of the claim was clearly contrary to or unreasonable under federal law.

Applicant's sentencing claims may also be easily dismissed. To the extent that Applicant claims that his sentence violates Kansas law, we lack jurisdiction under § 2254 to consider the claim because our review is limited to "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Although his COA application to us alleges his sentence "violates Eighth Amend.," Aplt. Br. at 48, his application to the district court alleged only a "sentence greater than allowed by law." R. Doc. 1 at 11A. We decline to consider a claim not raised in district court. *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998). "Although we construe pro se pleadings liberally, we will not rewrite a petition to include claims that were never presented." *Id*. (citation omitted). No sensible construction can create an Eighth Amendment claim from his application to the district court and we therefore refuse to consider it on appeal.

As for Applicant's other claims, the district court was clearly correct. An applicant must exhaust state-court remedies prior to seeking federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). To satisfy this requirement, an applicant "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This includes discretionary review by the state supreme court. *Id.* Moreover, the presentation must conform to state rules regulating how such claims are to be presented. "Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims. See *Castille v. Peoples* [489 U.S. 346,] at 351 [1989]." *Id.* at 844. In *Castille* the Court found that the claim was not exhausted when it was presented only in a procedural context in which it would not ordinarily be considered. *Castille*, 489 U.S. at 351. "Raising the claim in such a fashion does not, for the relevant purpose, constitute 'fair presentation.' See *Ex parte Hawk*, 321 U.S. 114 (1944) (application to Nebraska Supreme Court for original writ of habeas corpus does not exhaust state remedies)." *Id.* The applicant bears the burden of establishing proper exhaustion. *Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993).

Applicant presented some of his claims to the trial court in the form of post-trial (but not post-sentencing) motions that were denied at the sentencing hearing. But he did not pursue the claims in his direct appeal, thus failing to properly exhaust them in the direct-appeal process.

He also raised some of the same claims in two habeas petitions filed directly with the Kansas Supreme Court after he was sentenced and imprisoned. But directly petitioning the Supreme Court did not comply with the procedural

requirements of Kansas law. Kansas Statute Annotated § 60-1507 (2003) provides the exclusive remedy for post-conviction relief (except for certain sentencing issues, *see* Kan. Stat. Ann. § 22-3504) when a prisoner is in custody under a sentence, *see Smith v. State*, 427 P.2d 625, 627 (Kan. 1967), and a petition under that section must be filed in the sentencing court. § 60-1507(a). Applicant makes no claim, much less a showing, that he complied with this requirement by filing for relief in the sentencing court—which is likely why the Kansas Supreme Court summarily dismissed both his habeas petitions. Thus, Applicant's presentation of claims in his habeas petitions to the Kansas Supreme Court did not give Kansas courts a fair opportunity to act, and his claims were not *properly* exhausted. *See Castille*, 489 U.S. at 351.

Nevertheless, because, as the district court noted, state-court review of Applicant's claims is no longer available, *see* Kan. Stat. Ann. § 60-1507(f) (imposing a one-year limitations period), the "technical requirements for exhaustion" are satisfied. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991) (claim is exhausted when "no state remedies [are] any longer 'available' to [applicant]"). But by the same token (untimeliness), his claims are procedurally barred in state court and therefore will not be considered in federal court unless he can "demonstrate cause for the [state-court] default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to

consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750. *See O'Sullivan*, 526 U.S. at 848-49.

Applicant makes two oblique arguments that might be construed as attempts to show cause, but they are unpersuasive. Citing a state trial-court letter, he argues both in his original § 2254 application to the district court and in his application for COA to us that he need not exhaust in state court because the state trial court informed him in a letter that it would not consider any further motions. According to Applicant, the letter rendered state process ineffective to protect his rights. *See* 28 U.S.C. § 2254(b)(1)(B)(ii) (permitting grant of § 2254 application when state process would be ineffective to protect applicant's rights). He overstates the importance of the letter. The state trial court sent the letter August 25, 2003. Applicant's direct appeal was decided by the Kansas Supreme Court on April 19, 2002. Section 60-1507(f)'s one-year statute of limitations runs from either the "final order of the last appellate court in this state to exercise jurisdiction on a direct appeal" or the denial of a petition for writ of certiorari (or final order after granting the writ) by the United States Supreme Court. Applicant neither claims to have filed nor could we find a petition to the United States Supreme Court. The statute of limitations for any § 60-1507 claims thus expired on April 19, 2003, four months prior to the trial court's letter. Applicant must

show cause why he did not file for relief prior to April 19, 2003. The trial court's August letter does not assist him.

Employing the most liberal of constructions, Applicant's application also attempts to show cause based on ineffective assistance of appellate counsel. But "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim . . . [and] . . . generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (internal quotation marks omitted). Applicant's attempt to show cause via ineffective assistance of appellate counsel is futile because he failed to present this ineffectiveness claim in state court.

No jurist of reason could find debatable that Applicant's claims either fail to state a denial of a constitutional right or are properly denied as procedurally defaulted. We therefore DENY the application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge