**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NATHANIEL W. ELLIBEE,

        Plaintiff-Appellant,

v.

PAUL FELECIANO, JR., Chairman,
Kansas Parole Board, in his official
capacity; ROBERT SANDERS,
Member, Kansas Parole Board, in his
official capacity; PATRICIA BIGGS,
Member, Kansas Parole Board, in her
official capacity,

        Defendants-Appellees.

No. 09-3292
(D.C. No. 5:08-CV-03186-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **HOLMES**, Circuit Judges.

---

      Plaintiff Nathaniel Ellibee, a Kansas state prisoner, filed a combined

complaint under 42 U.S.C. § 1983 and petition for a writ of habeas corpus under

28 U.S.C. § 2241.  The complaint challenged the Kansas Parole Board's

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

procedure and its decision to deny and defer Mr. Ellibee's parole application.
Before service of process on the opposing parties, the district court dismissed the
complaint. We grant a Certificate of Appealability (COA) on the habeas aspect of
Mr. Ellibee's case, and we reverse and remand the habeas and civil-rights issues
for further proceedings.

I.

Mr. Ellibee pleaded guilty to aiding and abetting second-degree murder,
attempted aggravated robbery, and conspiracy to commit aggravated robbery in
1992. He was sentenced to twenty-one years to life plus twenty-five years'
imprisonment. His sentence was upheld on direct appeal and his subsequent
25 U.S.C. § 2254 habeas corpus petition was denied. The Kansas Parole Board
held a hearing on September 9, 2007, denied parole, and deferred its next
consideration of Mr. Ellibee's application for four years.

Mr. Ellibee presented constitutional claims regarding the parole
proceedings to the Kansas Supreme Court, which summarily denied his petition.
He then filed his complaint and petition in federal court, asserting that the Board
considered unconstitutional criteria in acting on his parole application. His prolix
complaint encompassed a variety of theories: First Amendment retaliation;

violation of the Equal Protection, Due Process, Confrontation, and Ex Post Facto Clauses of the United States Constitution; and offenses under state law.[1]

The district court reviewed the petition and complaint pursuant to 28 U.S.C. § 1915A (providing for prompt review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity" to determine whether there are grounds for dismissal). After doing so, it directed Mr. Ellibee to show cause why his complaint and petition should not be dismissed.

Mr. Ellibee responded and the district court evaluated his filings. The district court first properly differentiated between Mr. Ellibee's 42 U.S.C. § 1983 civil-rights complaint and his 28 U.S.C. § 2241 petition. As the district court

---

[1] The district court summarized the claims as:

He claims he was not treated the same as similarly situated inmates granted parole who had not pursued litigation, who had no community objections to parole, or who were female. He further complains the use of unchanging boilerplate reasons to deny him parole was both constitutionally insufficient and noncompliant with Kansas law. He contends defendants did not allow him to rebut evidence being considered, and prevented any meaningful review by not providing plaintiff with a record of his parole consideration hearing. Plaintiff further contends the . . . hearing was a sham because the outcome was predetermined, and claims the continuous denial of parole for pre-incarceration conduct . . . is contrary to the intent and public policy behind the Kansas parole statutes. Finally, plaintiff contends his [parole board] hearing was fundamentally unfair because defendant Biggs is married to the . . . County Attorney who prosecuted plaintiff.

R. at 360-61.

recognized, success on a prisoner's civil-rights claims would "mean[] at most new eligibility review, which at most will speed *consideration* of a new parole application." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). In contrast, a § 2241 habeas petition is appropriate where a prisoner seeks "either immediate release from prison or the shortening of his term of confinement." *Id.* at 79 (quotation omitted).

Determining that Mr. Ellibee's civil-rights complaint failed to state a claim on which relief may be granted, the district court dismissed those claims. And it dismissed the habeas petition without prejudice for failure to exhaust state remedies and denied a request for COA. Mr. Ellibee appeals the dismissal.

II.

This court reviews de novo the district court's dismissal of a prisoner's complaint under § 1915A(b)(1) for failure to state a claim. *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). "We must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Id.* (quotation omitted). "We review the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Id.* (quotation omitted). Because Mr. Ellibee is proceeding pro se, we construe his pleadings liberally. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1210 n.1 (10th Cir. 2009), *cert. denied,* 78 U.S.L.W. 3396 (U.S. Mar. 8, 2010) (No. 09-768).

-4-

## A. Civil Rights Complaint

Mr. Ellibee's 42 U.S.C. § 1983 complaint sets forth multiple and abstruse claims of constitutional error. In its order dismissing the complaint, the district court keyed on the claims of due-process violations. The Due Process Clause does not guarantee an inmate a right to parole, although a state's parole statutes and regulations may create a liberty interest that is entitled to due-process protection. *See Malek v. Haun*, 26 F.3d 1013, 1015 (10th Cir. 1994). The Kansas Supreme Court, however, has held that the Kansas parole statute does not create a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. *See Gilmore v. Kan. Parole Bd.*, 756 P.2d 410, 415 (Kan. 1988) ("K.S.A. 1987 Supp. 22-3717 does not create a liberty interest in parole."); *see also* Kan. Stat. Ann. § 22-3717(g) ("[T]he Kansas parole board *may* release on parole those persons . . . who are eligible for parole.") (emphasis added). Because parole is discretionary in Kansas, Mr. Ellibee cannot invoke the procedural guarantees of the Due Process Clause. *See Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983). Accordingly, the district court properly analyzed Mr. Ellibee's due-process claims.

The district court's order did not give similar attention to Mr. Ellibee's remaining claims. In particular, we note the lack of discussion related to allegations that the parole board retaliated against him because of his litigation activities on behalf of himself and other prisoners. "Prison officials may not

retaliate against . . . an inmate because of the inmate's exercise of his right of access to the courts" and "[i]t is well established that prison officials may not unreasonably hamper inmates in gaining access to the courts." *Smith v. Maschner,* 899 F.2d 940, 947 (10th Cir. 1990). This court and other federal courts have recognized actionable constitutional claims in inmates' allegations of denial of parole in retaliation for filing lawsuits. *E.g.*, *Shabazz v. Askins*, 980 F.2d 1333, 1335 (10th Cir. 1992) (reversing a district court's dismissal of a parole-retaliation claim as frivolous); *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (holding allegation that parole was denied for pursuing litigation stated a claim upon which relief can be granted); *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1114 (5th Cir. 1987) (recognizing that a factually supported allegation that parole board denied parole in retaliation for filing lawsuits against prison officials may state an equal protection claim).

To be sure, a complaint cannot withstand dismissal unless a plaintiff pleads specific facts showing retaliatory motive. *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). But we must conclude that the district court erred in dismissing the action without evaluating the allegations underlying Mr. Ellibee's retaliation claim. It is appropriate for the district court to determine in the first instance the legal sufficiency of Mr. Ellibee's listing of his litigation efforts and allegations that a parole board member made extensive inquiries into his litigation

activities.  Though the district court was patently correct in its dismissal of the due-process claims, on remand it should address the retaliation claim and any other claim that has not yet received judicial scrutiny.

We REVERSE and REMAND the § 1983 claims to the district court for further proceedings consistent with this order and judgment.

### B.  Habeas Petition

Mr. Ellibee's filing also included a habeas petition under 28 U.S.C. § 2241.  A state prisoner may appeal from the denial of federal habeas relief under § 2241 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A); *see Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).  When a habeas petitioner seeks to appeal a dismissal based on "procedural grounds without reaching the prisoner's underlying constitutional claim," the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Courts are "allow[ed] and encourag[ed] to first resolve procedural issues," *id.* at 485, such as exhaustion.

A § 2241 habeas petitioner is required to exhaust state remedies before bringing a federal action.  *Montez*, 208 F.3d at 866.  As a general rule, the "exhaustion requirement is satisfied if the federal issue has been properly

presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The usual consideration is whether petitioner "raise[d] his federal claim in the state courts at a time when state procedural law permits its consideration on the merits. . . ." *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005).

When a petitioner chooses to file a discretionary original proceeding in an appellate court, however, the exhaustion analysis becomes more complex. In *Castille v. Peoples*, 489 U.S. 346, 349-50 (1989) (quotation omitted), the Supreme Court referred to the "familiar inquiry" of "[*t*]*o what extent* must the petitioner who seeks federal habeas exhaust state remedies before resorting to the federal court?" The Court noted that "[it] is reasonable to infer" exhaustion and "to assume that further state proceedings would be useless" in instances in which "the State has actually passed upon the claim." *Id.* at 351.

But a presumption of exhaustion is "not justified--where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor.'" *Id.* (quoting Pa. R.A.P. 1114). According to the Court, "[r]aising the claim in such a fashion does not, for the relevant purpose, constitute 'fair presentation.'" *Id.* Thus, the answer to the exhaustion question is dependent on whether, under a state's procedural rules, it is fair to presume that the highest state court reviewed the prisoner's habeas claims.

Under the Kansas procedural framework, "[s]ubject to the provisions of K.S.A. 60-1507 . . . any person in this state who is detained, confined, or restrained of liberty . . . physically present in this state may prosecute a writ of habeas corpus in the supreme court, court of appeals or the district court." Kan. Stat. Ann. § 60-1501. (Section 60-1507 requires persons *attacking their sentences* to file a motion to vacate, set aside or correct the sentence in the court that imposed the sentence.)

Rule 9.01(a) of the Kansas Supreme Court Rules of Procedure provides that, in cases of concurrent jurisdiction:

> Original jurisdiction of an appellate court will not ordinarily be exercised if adequate relief appears to be available in a district court. . . . In the event the appellate court finds that adequate relief is available in the district court, it may *dismiss* the action or order it transferred to the appropriate district court.

(emphasis added). And under Rule 9.01(c), "[i]f the court is of the opinion that the relief should not be granted, it will *deny* the petition." (emphasis added).

Here, Mr. Ellibee presented his habeas petition to the Kansas Supreme Court as an original proceeding and that court *denied* it, albeit summarily. The court did not *dismiss* it. We may assume that the Kansas Supreme Court's disposition was knowing, deliberate, and sufficient to show that "the State has actually passed upon the claim." *Castille*, 489 U.S. at 351.

Thus, Mr. Ellibee's case is not amenable to the square application of *Castille* that controlled previous Tenth Circuit cases. In *Allen v. Zavaras*,

568 F.3d 1197, 1198 (10th Cir. 2009), a prisoner challenged his conviction with a petition filed in the Colorado Supreme Court, though that court "is under no obligation to consider an original habeas petition." *See* Colo. Rev. Stat. § 13-45-101(1) ("If any person is committed or detained for any criminal or supposed criminal matter, it is lawful for him to apply to the supreme court or district courts for a writ of habeas corpus. . . ."). "The Colorado Supreme Court elected not to consider the merits of [the] petition, denying it without comment the day it was filed." *Allen*, 568 F.3d. at 1203. *See also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (applying *Castille* and holding "petitioner's presentation of his claim to the Wyoming Supreme Court via a petition for writ of certiorari was . . . ineffective to exhaust his state remedies").

In *Bloom v. McKune,* 130 F. App'x 229, 232 (10th Cir. 2005), an unpublished case, this court determined that petitioner had not properly exhausted his state remedies by filing habeas petitions directly with the Kansas Supreme Court. The circumstances, however, were quite different from those of the instant matter. First, the Kansas Supreme Court *dismissed* the *Bloom* petitioner's habeas petitions. *Id.* Second, the *Bloom* petitioner was attacking his original sentence, not parole procedures. Thus, those petitions did not "conform to state rules" delineated in Kan. Stat. Ann. § 60-1507. *Bloom*, 130 F. App'x at 232. This "is likely why the Kansas Supreme Court summarily dismissed both [Bloom's] habeas petitions" and why his "presentation of claims in his habeas petitions to

the Kansas Supreme Court did not give Kansas courts a fair opportunity to act, and his claims were not *properly* exhausted." *Id.*

We conclude that the district court erred in dismissing Mr. Ellibee's application on exhaustion grounds without reaching the merits of his § 2241 arguments. As with the 42 U.S.C. § 1983 aspect of this case, his claims of denial of constitutional rights are best considered by the district court in the first instance. We GRANT Mr. Ellibee's application for a COA, and REVERSE and REMAND his 28 U.S.C. § 2241 petition to the district court for further proceedings consistent with this order and judgment.

Entered for the Court


Bobby R. Baldock
Circuit Judge

-11-