FILED
United States Court of Appeals
Tenth Circuit

February 26, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES K. CONKLETON,

Plaintiff - Appellant,

v.

RICK RAEMISCH, Executive Director of the Colorado Department of Corrections (CDOC), in his official capacity; BRANDON SHAFFER, Chairman, Colorado Board of Parole, in his official capacity; ALFREDO PENA, Member, Colorado Board of Parole, in his official capacity; DENISE BALAZIC, Member, Colorado Board of Parole, in her official capacity; BART COX, Treatment Provider for the CDOC Sex Offender Treatment and Management Program (SOTMP), in his official capacity; MICHAEL FLOYD, Contract Polygrapher of Amich & Jenks, Inc., in his official capacity; ANN NEWMAN, Treatment Provider for the CDOC SOTMP, in her official capacity; SAMUEL DUNLAP, Treatment Provider for the CDOC SOTMP, in his official capacity; LEONARD WOODSON, Treatment Provider for the CDOC SOTMP, in his official capacity; JEFF JENKS, Contract Polygrapher/Sex Offender Management Board (SOMB) member, in his official capacity; COLTON MCNUTT, Treatment Provider for the CDOC SOTMP, in his official capacity; SOTMP TREATMENT TEAM, in its official capacity,

Defendants - Appellees.

No. 14-1271
(D.C. No. 1:14-CV-01345-LTB)
(D. Colo.)

## ORDER AND JUDGMENT*

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Plaintiff James Conkleton, a state prisoner serving an indeterminate sentence of ten years to life for a Colorado sex offense, filed a complaint under 42 U.S.C. § 1983 in which he asserted due process, retaliation, and equal protection claims relating to the state's sex offender treatment program. The district court concluded that the due process claim was legally frivolous and that the retaliation and equal protection claims were barred by the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). The court accordingly dismissed the complaint. This appeal followed.

Under Colorado law, the state parole board considers various "progress in treatment" criteria—defined by administrative regulation—to determine whether a sex offender may appropriately be released from incarceration. *See* Colo. Rev. Stat. §16-

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

11.7-103(4)(f). The administrative regulation defining these criteria provides that the Department of Corrections' Sex Offender Treatment and Monitoring Program will recommend "progression to community" when offenders meet each of five listed criteria. *See* Colo. Admin. Reg. § 700-19. As relevant to this appeal, one of these criteria provides that "[t]he offender must have a complete full disclosure of their sexual history as verified by a non-deceptive polygraph assessment of his or her deviant sexual history" in order to receive a SOTMP recommendation for "positive progression." *Id.*

Colorado law expressly provides that "[t]he criteria shall not limit the decision-making authority of the court or the state board of parole." Colo. Rev. Stat. §16-11.7-103(4)(f). However, the state parole board considers the treatment criteria "in determining whether the sex offender could be appropriately supervised in the community if he or she were released from incarceration." *Id.*

In his complaint, Plaintiff raised three claims, all arising from his failure of a polygraph examination in October 2013 and prison officials' subsequent certification of the parole board that Plaintiff was not meeting the treatment criteria for a recommendation of release. Specifically, Plaintiff alleged that (1) his due process rights were violated by prison officials' failure to provide due process protections before certifying he did not meet the treatment criteria as a result of his failed polygraph test; (2) prison officials' actions relating to the polygraph and the certification that he was not meeting the treatment criteria were motivated by the intent to retaliate against Plaintiff for his filing of prison grievances; and (3) the parole board violated Plaintiff's equal

protection rights by denying his parole application for failure to meet the treatment criteria even though they have granted parole to offenders from other Colorado prisons who have not met all of the criteria. The district court dismissed the first claim as frivolous and the second two claims as barred by the *Heck* rule.

We agree with the district court that Plaintiff cannot succeed on his due process claim. Because Colorado's parole scheme for sex offenders is discretionary, with the parole board retaining its discretion to grant or deny parole regardless of whether the treatment criteria have been met, Plaintiff does not have a constitutionally protected liberty interest in being granted parole or in receiving a favorable parole certification or recommendation. *See Firth v. Shoemaker*, 496 F. App'x 778, 789-90, 792 (10th Cir. 2012).

We also agree with the district court that Plaintiff's equal protection claim is barred by the *Heck* rule. Under *Heck*, a prisoner's § 1983 action is barred "if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. In his equal protection claim, Plaintiff seeks to invalidate the state parole board's denial of parole on the basis that the parole board has granted parole to other offenders in his position. Because success on this claim would thus necessarily imply the invalidity of the duration of his confinement, it is barred by *Heck*. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) ("Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole.").

Similarly, to the extent Plaintiff seeks to raise a retaliation claim against members of the parole board based on their denial of parole, his claim against these defendants is likewise barred by *Heck*. However, we conclude that Plaintiff's retaliation claim is not otherwise barred by *Heck*. Construing Plaintiff's complaint liberally, he raises a retaliation claim against several prison officials based not on the denial of parole itself, but rather on the officials' allegedly retaliatory actions of, among other things, certifying that he had not met the treatment criteria for a favorable parole recommendation. While it is possible that a favorable parole recommendation might have resulted in a different decision by the parole board, the parole board retains the discretion to grant or deny parole regardless of whether prison officials certify that an inmate has met the treatment criteria. Thus, success on Plaintiff's retaliation claim against the prison officials would not necessarily imply the invalidity of the parole board's denial of parole. Accordingly, as in the Supreme Court case of *Wilkinson v. Dotson*, this claim is not barred by *Heck* because success on this claim would not necessarily entitle Plaintiff to immediate or speedier release. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding that challenges to parole procedures did not fall under the *Heck* bar where success for the prisoners would not necessarily spell immediate or speedier release, but would only entitle them, at most, to a new parole hearing). We therefore conclude that the district court erred in holding that Plaintiff's retaliation claim against the prison officials was barred by the *Heck* rule.

We accordingly reverse the dismissal of Plaintiff's retaliation claim against the

prison officials and remand this claim to the district court for further proceedings. In so doing, we express no opinion as to the ultimate merits of this claim, nor do we express any opinion as to whether there may be another basis on which this claim could appropriately be dismissed. We simply hold that the district court should not have dismissed this claim under *Heck*, and we remand for the district court to conduct further proceedings with respect to this claim.

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Plaintiff's due process and equal protection claims. We also **AFFIRM** the dismissal of Plaintiff's retaliation claim as it relates to members of the parole board. We **REVERSE** and **REMAND** the district court's dismissal of Plaintiff's retaliation claim as it relates to the other defendants. We **GRANT** Plaintiff's motion to proceed *in forma pauperis* on appeal and remind him of his obligation to continue making partial payments until the entire filing fee has been paid in full.

Entered for the Court

Monroe G. McKay
Circuit Judge