FILED
United States Court of Appeals
Tenth Circuit

November 23, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

SCOTT FIRTH,

        Petitioner - Appellant,

    v.

RICHARD SMELSER; JOHN W.
SUTHERS, Attorney General of the State
of Colorado,

        Respondents- Appellees.

No. 10-1292
(D. Ct. No. 1:09-CV-03000-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner-appellant Scott Firth, a state prisoner proceeding pro se, seeks a certificate of appealability ("COA") so that he may challenge the district court's denial of his petition for habeas corpus, which he brought pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(c)(1)(A), DENY Mr. Firth's request for a COA, and DISMISS his appeal.

# I. BACKGROUND

In 2003, Mr. Firth pleaded guilty to one count of sexual assault on a child fifteen to seventeen years of age by one in a position of trust. On May 19, 2003, he was sentenced to 60 days' imprisonment and probation for an indeterminate term. Condition 16 of Mr. Firth's probation required that he "attend and actively participate in a sex offender evaluation and treatment program approved by the probation officer . . . abide by the rules of the treatment program . . . and [] successfully complete the program to the satisfaction of the probation officer and the treatment provider."

On December 23, 2003, while he was participating in the treatment program required by his terms of probation, Mr. Firth's treatment providers transferred him to a more restrictive program due to concerns that his treatment was not progressing and that he was still a danger to the community. Mr. Firth was displeased with the new restrictions imposed on him and unsuccessfully sought to be transferred back to his original treatment program. Apparently, Mr. Firth's displeasure with his new program precipitated problems with his treatment, and on February 24, 2004, he was terminated from the program because of "his unwillingness to engage in the treatment program in a meaningful way."

The same day, Mr. Firth's probation officer petitioned to revoke his probation on the grounds that he failed to complete treatment and that he had been in possession of a knife. On March 26, 2004, Mr. Firth's probation was revoked, and on April 5, 2004, he was sentenced to an indeterminate term of imprisonment of not less than six years. Mr.

Firth did not directly appeal the revocation of his probation or the sentence imposed upon revocation. He did, however, file a motion for reconsideration on August 3, 2004, which was denied on September 28, 2004.

Mr. Firth did not file any other motions or appeals until April 20, 2006, at which point he filed a petition for state post-conviction relief under Colo. R. Crim. P. 35(c). His petition was denied on September 27, 2006, and that denial was affirmed by the Colorado Court of Appeals on September 4, 2008. The Colorado Supreme Court denied certiorari on April 13, 2009.

Mr. Firth filed the instant habeas petition on December 29, 2009, raising multiple constitutional challenges to the conditions and the revocation of his probation. He amended his petition on February 5, 2010, and respondents argued that the petition was untimely.

The district court determined that the one-year statute of limitations under 28 U.S.C. § 2244(d) began to run on May 20, 2004, forty-five days after Mr. Firth was sentenced pursuant to the revocation of his probation. Excluding the time during which Mr. Firth's motions for reconsideration and state post-conviction relief were pending, the court determined that 904 days had elapsed between the time the statute of limitations began to run and the time Mr. Firth filed his federal habeas petition. Furthermore, the district court held that Mr. Firth failed to demonstrate any basis for equitable tolling. Accordingly, the district court dismissed Mr. Firth's habeas petition as untimely and denied his request for a COA. Mr. Firth then filed a motion to reconsider, which the

district court denied.

## II. DISCUSSION

A petitioner may not appeal the denial of habeas relief under § 2254 unless he obtains a COA. 28 U.S.C. §2253(c)(1)(A). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When, as is the case here, a district court denies habeas relief on procedural grounds, a circuit judge may issue a COA only if the petitioner demonstrates that reasonable jurists could debate: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) the correctness of the district court's procedural ruling. *Id.* When it is fair and practical to do so, a court is encouraged to dispose of a petition on procedural grounds rather than decide complex constitutional questions. *Id*. at 485.

A one-year statute of limitations applies to habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). This limitation period begins to run from the latest of four dates, only two of which are relevant to this appeal. *Id.* The first is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. § 2244(d)(1)(A). The second is "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." *Id*. § 2244(d)(1)(D).

This one-year limitation period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. § 2244(d)(2). Additionally, the

- 4 -

limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations omitted). Such exceptional circumstances include when a prisoner is actually innocent and when uncontrollable circumstances prevent a timely filing. *Id.*

Mr. Firth's habeas petition challenges the revocation of his probation and the consequent sentence. We agree with the district court that because Mr. Firth did not directly appeal the revocation of his probation, the relevant judgment became final on May 20, 2004. *See* 28 U.S.C. § 2244(d)(1)(A) (mandating that a judgment becomes final for purposes of the limitations period upon "the conclusion of direct review or the expiration of the time for seeking such review"); *see also* Col. R. App. P. 4(b) (requiring criminal defendants to file a notice of appeal within forty-five days of the entry of the judgment from which they are appealing). We also agree that the limitations period was tolled 75 days later, on August 3, 2004, when Mr. Firth filed his motion for reconsideration, and did not begin to run again until September 28, 2004, when that motion was denied. *See Robinson v. Golder*, 443 F.3d 718, 721 (10th Cir. 2006) (holding that a properly filed motion to reconsider under Colo. R. Crim. P. 35(b) tolls the one-year limitations period). Thus, Mr. Firth had 290 days from September 28, 2004, or in other words, until approximately mid-July 2005, to file his habeas petition. But Mr. Firth did not file his petition, or any other motion that would have tolled the limitations period, until April 20, 2006—approximately nine months after the one-year limitations period expired. Accordingly, unless Mr. Firth can either demonstrate that the limitations period

began to run from a later date than May 20, 2004 or establish a basis for equitable tolling, reasonable jurists could not debate the district court's ruling that his petition was untimely, and he is not entitled to a COA.

In his application for a COA, Mr. Firth first argues that the limitations period did not begin to run until September 27, 2006, when his motion for state post-conviction relief was first denied. He contends that this date is the appropriate date from which to assess the timeliness of his habeas petition because the court upheld the revocation of his probation on a theory that had not been considered during his probation revocation hearings. Accordingly, Mr. Firth contends that, even exercising due diligence, he could not have discovered the factual predicate for his habeas claims until this date. We disagree.

Mr. Firth's habeas petition raises the following five claims: (1) condition 16 of his probation is unconstitutionally vague; (2) the revocation of his probation violated due process because his probation officer and his treatment providers did not comply with numerous state statutes and standards; (3) the revocation of his probation and the consequent sentence unconstitutionally punishes him twice for the same offense; (4) he received constitutionally deficient assistance of counsel during the probation revocation process; and (5) the Colorado Sex Offender Lifetime Supervision Act of 1998 is unconstitutional. It is apparent that the factual predicate for these claims could have been discovered, at the latest, when Mr. Firth was sentenced based on the revocation of his probation. Indeed, none of these claims are based on operative facts that occurred during

- 6 -

his post-conviction challenge or at any time after he was sentenced on April 5, 2004. Accordingly, Mr. Firth's contention that the limitations period should run from the date on which his motion for state post-conviction relief was first denied is plainly without merit.

Mr. Firth also contends that the limitations period should be equitably tolled because: (1) he is actually innocent; and (2) uncontrollable circumstances prevented him from timely filing his habeas petition. We disagree. First, Mr. Firth's actual innocence argument essentially posits that his probation should not have been revoked because he actively participated in and abided by the rules of his treatment plan in accordance with the conditions of his probation. Mr. Firth, however, ignores that Condition 16 also requires that he "successfully complete" his treatment program and that he was expelled from his treatment before he completed it. Thus, the record clearly demonstrates that Mr. Firth is not actually innocent of the probation violation that ultimately led to the revocation of his probation.

Second, Mr. Firth contends that he was prevented from timely filing his habeas petition because no lawyer would take up his criminal case until his divorce was finalized on October 21, 2005, because it was not clear that Mr. Firth would have assets to pay attorneys fees until that date. Mr. Firth's inability to pay an attorney to take his criminal case until his divorce was finalized is not a rare and exceptional circumstance that warrants equitable tolling. Indeed, Mr. Firth ultimately filed his habeas petition pro se, and his inability to find an attorney in no way excuses his failure to do so within the one-

year limitations period.  Accordingly, Mr. Firth's arguments for equitable tolling are without merit.

## III.  CONCLUSION

Because reasonable jurists could not debate the district court's determination that Mr. Firth's habeas petition is untimely, we DENY his application for a COA and DISMISS his appeal.  Additionally, because Mr. Firth has paid his appellate filing fee in full, we DISMISS his request to proceed in forma pauperis on appeal as moot.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge