**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SCOTT FIRTH,

     Plaintiff-Appellant,

v.

JONI SHOEMAKER, individually and in
her official capacity as Deputy Director
of Clinical Services; PEGGY HEIL,
individually and in her official capacity
as Chief of Rehabilitation Programs;
JOE STOMMEL, individually and in his
official capacity as Chief of
Rehabilitation Programs; BURL
MCCULLAR, individually and in his
official capacity as Sex Offender
Treatment Program Manager; SAMUEL
DUNLAP, individually and in his official
capacity as SOTMP Phase II Program
Coordinator; CHRISTINE TYLER,
individually and in her official capacity
as SOTMP Therapist; DWIGHT
MARTINEZ, individually and in his
official capacity as SOTMP Therapist;
PAT MOSHURE, individually and in her
official capacity as SOTMP Therapist;
JACULYN MAUS, individually and in
her official capacity as SOTMP
Therapist; LENNY WOODSON,
individually and in his official capacity
as SOTMP Therapist; TINA VALDEZ,
individually and in her official capacity
as SOTMP Therapist,

     Defendants-Appellees.

No. 11-1484
(D.C. No. 1:09-CV-00224-MSK-MJW)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **HARTZ**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

Scott Firth appeals pro se the district court's judgment in favor of defendants on his 42 U.S.C. § 1983 civil rights claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  Background

### A.  Conviction and Sentences

Mr. Firth is a convicted sex offender serving a prison term of six years to natural life in the Colorado Department of Corrections (CDOC), under the Colorado Lifetime Supervision of Sex Offenders Act of 1998 (1998 Act), Colo. Rev. Stat. §§ 18-1.3-1001 to 18-1.3-1012. Mr. Firth was originally charged in Colorado state court with three counts of aggravated incest, based on allegations that he sexually molested his minor daughter over an eight-year period. *People v. Firth*, 205 P.3d. 445, 447 (Colo. App. 2008). In May 2003 he pled guilty to sexual assault on a child fifteen to seventeen years of age by one in a position of trust. *Id.* Mr. Firth was

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

initially sentenced to sixty days in jail, followed by a term of probation of ten years to life. His conditions of probation included participation in a sex offender treatment program under the supervision of his probation officer. *Id.* at 447-48.

On February 24, 2004, Mr. Firth's probation officer filed a petition to revoke his probation, citing his failure to complete sex offender treatment and his possession of a knife. *Id.* at 448. Finding that he had violated the terms of his probation, the state trial court revoked it and sentenced Mr. Firth to his current indeterminate prison sentence. *Id.*; *see also* Colo. Rev. Stat. § 18-1.3-1004(1)(a) (providing for indeterminate prison sentences for sex offenders with a maximum term of the sex offender's natural life). Mr. Firth's prison sentence also requires him to participate in CDOC's sex offender treatment program, *see* Colo. Rev. Stat. § 18-1.3-1004(3), hereafter referred to as the Sex Offender Treatment and Monitoring Program (SOTMP).

Mr. Firth did not appeal his probation revocation or his sentence, but he later filed a petition for post-conviction relief. The state trial court found that the evidence regarding his possession of a knife was insufficient to support revocation of his probation. But the court rejected his other contentions and denied the petition. *Firth*, 205 P.3d at 448-49. The Colorado Court of Appeals affirmed the trial court's order, *id.* at 452, and the Colorado Supreme Court denied his petition for a writ of certiorari, *Firth v. People*, No. 08SC834, 2009 WL 976680, at *1 (Colo. Apr. 13, 2009) (en banc) (unpublished). Mr. Firth then filed a habeas petition in district court

- 3 -

pursuant to 28 U.S.C. § 2254 challenging the revocation of his probation and his consequent sentence. *Firth v. Smelser*, 403 F. App'x 321, 322, 324 (10th Cir. 2010). After the district court denied his petition as untimely, we denied his application for a certificate of appealability. *Id.* at 325.

### B.    District Court Action

On February 4, 2009, Mr. Firth filed this action in district court against defendants, all of whom are CDOC employees. The district court construed his complaint as alleging numerous § 1983 civil rights claims based on violations of procedural and substantive due process, the Equal Protection Clause, the Fifth Amendment right against self-incrimination, and the Eighth Amendment prohibition against cruel and unusual punishment. His claims at issue in this appeal all relate to his participation in and his ultimate termination from the SOTMP.

Defendants filed a motion to dismiss Mr. Firth's entire complaint for failure to state a claim. Ultimately, the district court dismissed all of his original claims with the exception of his procedural and substantive due process claims challenging his termination from the SOTMP.[1]

---

[1]    The record reflects that, at the time he filed his complaint, Mr. Firth had not yet been terminated from the SOTMP. But that fact was not entirely clear from his complaint, as he had alleged that defendants arbitrarily withheld or excluded him from treatment during specified periods of time. Mr. Firth was ultimately terminated from the SOTMP in September 2009, and he supplemented his complaint with new claims regarding his termination after the district court had dismissed the majority of the claims in his original complaint.

- 4 -

In his complaint, Mr. Firth alleged that defendants violated his substantive and procedural due process rights by not providing a sex offender treatment program that an inmate can successfully complete by the time he serves his minimum sentence, so that he can be eligible for parole at that time.[2] The district court construed this claim as alleging a protected liberty interest in being able to complete the SOTMP treatment within that timeframe. The court held that Mr. Firth failed to establish such a liberty interest, because CDOC has considerable statutory and regulatory discretion to determine how the SOTMP will be accessed by inmates. Therefore, the court dismissed his procedural and substantive due process claims alleging a denial of timely access to the SOTMP. The court dismissed on the same basis his claim that defendants violated his substantive due process rights by limiting the number of offenders who could participate in the SOTMP at one time.

Mr. Firth also alleged that sex offenders sentenced under the 1998 Act are treated differently in terms of parole eligibility than sex offenders sentenced before the 1998 Act, in violation of the Equal Protection Clause. Rejecting his contention that this differential treatment is based on a suspect classification or a fundamental

---

[2] Although Mr. Firth was eligible for a parole hearing when he completed his six-year minimum sentence, less earned time, his ability to be released on parole is dependent on whether he "has successfully progressed in treatment and would not pose an undue threat to the community if released under appropriate treatment and monitoring requirements and whether there is a strong and reasonable probability that the person will not thereafter violate the law." Colo. Rev. Stat. § 18-1.3-1006(1)(a). Moreover, CDOC "shall make recommendations to the parole board concerning whether the sex offender should be released on parole." *Id.*

right, the court concluded there was a rational basis for it and therefore no constitutional violation. Accordingly, the court dismissed Mr. Firth's equal protection claim.

The district court next addressed Mr. Firth's claim that the SOTMP standards for progressing in treatment are void for vagueness in violation of procedural due process. The court construed his claim as focused on the term "minimizing" as it relates to a sex offender taking accountability for his inappropriate thoughts and actions. It held that, although the applicable regulations do not define this term, its meaning—to diminish—is readily ascertainable from the context in which it is used and is not so ill-defined as to allow Mr. Firth's therapists to apply the minimizing prohibition against him at their whim. Therefore, the court dismissed his void-for-vagueness challenge for failure to state a claim.

The court also dismissed Mr. Firth's claim alleging that defendants violated his Fifth Amendment right against self-incrimination by requiring him, as a part of his SOTMP treatment, to admit the acts upon which his probation was revoked while he continued to challenge the revocation in the courts. The district court held this claim was subsumed within his substantive due process claim related to his termination from the SOTMP and could proceed as part of that claim. As indicated,

only Mr. Firth's procedural and substantive due process claims related to his termination from the SOTMP survived the district court's dismissal order.[3]

After Mr. Firth had filed his original complaint, CDOC proceeded to terminate him from sex offender treatment under the SOTMP. CDOC first provided him written notice of his therapists' recommendation that he be terminated. After an evidentiary hearing, a termination review panel upheld that recommendation. The district court permitted Mr. Firth to file a supplemental complaint, which it later construed as raising new procedural and substantive due process claims, as well as allegations of violations of his rights under the First and Fifth Amendments. Mr. Firth and defendants then filed cross motions for summary judgment on all remaining claims.

In ruling on the parties' summary judgment motions, the district court first addressed Mr. Firth's claims regarding his termination from the SOTMP. Defendants did not dispute in the district court that he has a constitutionally protected liberty interest in participation in the SOTMP, such that procedural due process was required before that interest could be deprived. The district court concluded that the

---

[3] The district court also dismissed without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994), Mr. Firth's claims challenging the constitutionality of the 1998 Act, because they implicated the validity or duration of his sentence and therefore must be brought in a habeas corpus proceeding. The court dismissed his claim that Colo. Rev. Stat. § 18-1.3-1006 deprives him of procedural due process because it fails to provide sufficient periodic assessment of his eligibility for parole. And the court dismissed his claim of improper delegation of judicial authority under the Colorado Constitution. Mr. Firth has not appealed the district court's dismissal of these claims.

procedural protections for prison disciplinary hearings, as set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974), were applicable in this case. Mr. Firth was therefore entitled to (1) advance written notice of the charges against him; (2) the ability to present evidence in his defense, including the right to call witnesses absent security concerns; (3) the right to a neutral and detached hearing body; and (4) a written decision stating the hearing body's reasons for its decision, supported by some evidence in the record. *See id.* at 563-66; *Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004) (summarizing necessary procedures under *Wolff* and its progeny). The court held that Mr. Firth received adequate and timely notice of the charges; he was given the opportunity to present evidence in response to the charges; the termination review panel was not impermissibly biased; and he received a written decision setting forth factual findings in extensive detail that was based on some evidence in the record. Accordingly, the district court granted summary judgment in favor of defendants on Mr. Firth's procedural due process claim regarding his termination from the SOTMP.

Regarding Mr. Firth's claim that he was denied due process when defendants suspended him from the SOTMP pending his termination review hearing, the district court noted that he was suspended from treatment for only a short period of time while the termination review panel held a hearing and rendered its decision. Under these circumstances, the court held that the restraints on Mr. Firth during the short suspension period were not atypical and substantial hardships entitling him to

procedural due process protection before he was suspended. Thus, the court held that defendants were entitled to summary judgment on this claim.

The district court construed Mr. Firth's original and supplemental complaints as asserting a substantive due process claim related to his ability to invoke his Fifth Amendment right against self-incrimination. More specifically, he had alleged that defendants forced him to choose between invoking his right to refuse to admit the acts underlying his probation revocation, and full participation in the SOTMP, which requires him to discuss all of his conduct. The court noted that Mr. Firth also characterized this claim as a violation of his First Amendment right of access to the courts, in order to challenge his probation revocation. It concluded that Mr. Firth needed to show either that the SOTMP requirement was not reasonably related to a legitimate penological interest, or that the effect it had on his constitutional rights was shocking to the conscience. The court held that, "[t]o the extent that the SOTMP causes tension with an inmate's invocation of his Fifth Amendment rights, the therapeutic and rehabilitative goals behind the SOTMP constitute legitimate penological interests that prevail." R. at 1340-41. Therefore, the court granted summary judgment in favor of defendants on this claim.

As he did in his original complaint, Mr. Firth included in his supplemental complaint a claim that the SOTMP criteria for progressing in treatment are void for vagueness. But the district court found that his new allegations were not focused on

particular terms and concepts, such as "minimizing," as used in assessing progress in sex offender treatment. Instead, the court stated that

> the allegations in this claim consist of Mr. Firth disagreeing with the findings and conclusions of his therapists or the review board regarding how best to characterize particular instances of conduct . . . . In this sense, Mr. Firth's claim is not so much that the terms used are impermissibly vague, but rather simply that he objects to the fact that the therapists and review board members do not view the same event the way he does.

*Id.* at 1344. Moreover, to the extent that Mr. Firth's claim could be construed as a void-for-vagueness challenge, the court incorporated its previous analysis in dismissing that claim as brought in his original complaint and granted summary judgment in favor of defendants.

Finally, the district court addressed Mr. Firth's claim that defendants deprived him of substantive due process by arbitrarily withholding a recommendation that he be paroled. The court held it is well-settled that, absent a state-created entitlement, inmates are not constitutionally entitled to release on parole. The court reasoned that, "if there is no constitutional obligation for the state to grant parole, there can be no obligation for the Defendants to recommend it be granted." *Id.* at 1346. Because Mr. Firth failed to point to any state-law provision creating an entitlement to a favorable recommendation for parole, the court granted summary judgment in favor of defendants on this claim. Having granted defendants summary judgment on all of Mr. Firth's remaining claims, the court denied his summary judgment motion and entered judgment in favor of defendants. Mr. Firth filed a timely appeal.

## II. Standards of Review

We review de novo a district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). We must assume the truth of all factual allegations in the complaint, *id.*, but to avoid dismissal "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *id.* at 1184 (quotation omitted). We also review de novo a district court's grant of summary judgment, applying the same standard as the district court. *Gwinn*, 354 F.3d at 1215. Under Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "We view the record in the light most favorable to the nonmoving party." *Gwinn*, 354 F.3d at 1215. And "[c]ross motions for summary judgment are treated separately; the denial of one does not require the grant of another." *US Airways, Inc. v. O'Donnell*, 627 F.3d 1318, 1324 (10th Cir. 2010) (quotation and ellipsis omitted).

Because Mr. Firth is a pro se party, we liberally construe his complaints, as well as his appellate briefs. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). But Mr. Firth must "follow the same rules of procedure that govern other litigants." *Garrett*, 425 F.3d at 840.

## III.  Discussion

The district court initially dismissed most of the claims in Mr. Firth's original complaint.  He appeals that ruling with respect to two of his claims:  his procedural due process claim alleging defendants' failure to provide timely access to SOTMP treatment and his equal protection claim related to differential treatment of offenders sentenced before and after the 1998 Act.  He also claims error in the district court's grant of summary judgment in favor of defendants on his procedural and substantive due process claims.  Finally, he challenges the district court's dismissal of and grant of summary judgment on his void-for-vagueness claims.

### A.    Procedural Due Process Claims

The Due Process Clause states, "No State shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  In order to allege a violation of procedural due process, a plaintiff must first establish a deprivation of an interest in life, liberty, or property.  *See Elliott v. Martinez*, 675 F.3d 1241, 1244 (10th Cir. 2012).  "Finding such a [deprivation] in the prison setting is particularly daunting[, but] although an inmate's rights may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime."  *Chambers v. Colo. Dep't of Corr.*, 205 F.3d 1237, 1242 (10th Cir. 2000) (quotation omitted).  A liberty interest may be implicated when prison authorities impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

*Id.* (quotation omitted). State laws may also "grant inmates liberty interests to which due process protections apply." *Id.* Where a liberty interest exists, the second inquiry is "whether the procedures followed by the government in depriving [the inmate] of that interest comported with due process of law." *Elliott*, 675 F.3d at 1244 (quotation omitted).

### 1. Deprivation of Procedural Due Process in Termination from the SOTMP

Mr. Firth contends that the district court erred in granting summary judgment in favor of defendants on his claim that they violated his due process rights in terminating him from the SOTMP. As we have noted, defendants did not dispute in the district court that Mr. Firth has a constitutionally protected liberty interest in the receipt of SOTMP treatment, such that procedural due process was required before that interest could be deprived. *See Beebe v. Heil*, 333 F. Supp. 2d 1011, 1017 (D. Colo. 2004) (holding inmate sentenced under the 1998 Act enjoys liberty interest in receiving mandatory sex offender treatment and is entitled to due process protections before treatment can be withheld). Defendants explain that, "[a]s a result of the [district] court's decision in *Beebe*, the CDOC promulgated Administrative Regulation (AR) 700-32 which sets forth the procedural due process requirements that an inmate must receive before termination from the SOTMP." Aplee. Br. at 16-17. Thus, in light of defendants' concession, we have no occasion to address in this appeal whether such a liberty interest exists.

- 13 -

The district court held that Mr. Firth was entitled to the procedural protections set forth in *Wolff*, 418 U.S. at 563-571, before he could be terminated from the SOTMP. He first contends that the court erred in applying the *Wolff* standards. In the district court he argued that due process in this case requires the procedural protections applicable in a parole revocation hearing, as set forth in *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (listing required processes). *See* R. at 1052. But he changes course in his opening appeal brief, asserting instead that the processes applied in civil-commitment proceedings are required before defendants can terminate him from the SOTMP. He did not make that argument in the district court and consequently the district court did not address it.[4] Therefore, he has failed to preserve this argument for consideration on appeal. *See Simmat v. U.S. Bur. of Prisons*, 413 F.3d 1225, 1240 (10th Cir. 2005) (declining to consider pro se argument raised for the first time on appeal). Nor will we address the argument that Mr. Firth made in the district court, but fails to renew on appeal. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (holding omission of issue in opening brief generally forfeits appellate consideration).

---

[4] Mr. Firth cites two pages in the record where he made reference to civil-commitment proceedings, but he did not argue on the cited pages that the due process protections applicable to such proceedings were required before terminating him from the SOTMP. *See* R. at 159 (raising issue in context of argument that the 1998 Act is unconstitutional, *see id.* at 151); *id.* at 1128 n.7 (raising issue in context of argument that defendants violated his substantive due process rights by arbitrarily denying a recommendation for parole, *see id.* at 1125).

We proceed, then, to Mr. Firth's contentions that defendants deprived him of procedural due process under the *Wolff* standards. He first contends that he did not receive sufficient advance written notice of the charges against him. *See Wolff*, 418 U.S. at 563-64. The notice provided to Mr. Firth was quite extensive and detailed. It stated generally that Mr. Firth was recommended for termination from treatment because he had "demonstrated a lack of progress in treatment, a lack of motivation for treatment, and a failure to meet program expectations." R. at 567. The notice then included five single-spaced pages of detailed facts supporting these conclusions. Mr. Firth argues that the notice nonetheless provided insufficient factual detail because it failed to cite program rules or standards upon which the charges were based. But he cites no authority for this proposition. *See Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992) (holding party must support argument with legal authority). Nor does he explain why he was unable to "marshal the facts and prepare a defense" based on the notice he received. *Wolff*, 418 U.S. at 564. According to the transcript of the termination review hearing, Mr. Firth testified extensively in response to the conclusions in the notice and also produced documentary evidence for the panel to review. Therefore, he fails to establish that the notice did not satisfy due process requirements.

*Wolff* held that an inmate "should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." 418 U.S. at 566. Mr. Firth

- 15 -

contends that he was deprived of the right to call witnesses at the termination review hearing because immediately after executing the notice, he was moved to another prison facility, placed in solitary confinement, and prevented from contacting anyone, including potential witnesses. We are not persuaded. Mr. Firth completed a CDOC form to request a termination review hearing. On that form he was permitted to indicate the witnesses he wanted to call. He wrote "LATER" rather than listing any witnesses. R. at 565. He asserts that he was not prepared to identify witnesses at that time and could not interview any witnesses later due to his transfer and placement in solitary confinement. But as the district court observed, the charges in the notice related to ongoing issues Mr. Firth had with his therapists and his peers, and the notice provided sufficient factual information for him to identify the relevant witnesses. Moreover, Mr. Firth points to no evidence that he subsequently asked to call any witnesses at the hearing but defendants prevented him from doing so. Thus, he has not shown a material fact in dispute with respect to whether defendants prevented him from calling witnesses in his defense.

In *Gwinn*, 354 F.3d at 1219, we held that an impartial decision maker was necessary to comply with due process under the *Wolff* standards. A lack of neutrality may occur if the decision maker was involved in the event at issue or if the decision was imposed for an improper purpose. *See Mitchell v. Maynard*, 80 F.3d 1433, 1446 (10th Cir. 1996). Mr. Firth contends that the termination review panel upheld his termination from the SOTMP for an improper purpose, but he fails to point to any

- 16 -

evidence that the panel or any of its members had an improper motive. *See id.* (holding inmate's evidence failed to prove that decision maker had an improper motive).

Under *Wolff*, an inmate must also be provided with "a written statement of the factfinders as to the evidence relied upon and reasons for the . . . action taken." 418 U.S. at 563. In its detailed written decision, Mr. Firth's termination review panel addressed the evidence presented at the hearing and made factual findings. The panel did not accept all of the claims made by Mr. Firth's therapists, but it concluded overall that his behavior was not consistent with program expectations, rehabilitative goals, and treatment progress, and was sufficiently wrongful to warrant termination. *See* R. at 282-83. As he did regarding the termination notice, Mr. Firth argues that the lack of citations to program rules or standards in the panel's decision renders it insufficient to satisfy due process. But again, he cites no authority for this proposition. *See Phillips*, 956 F.2d at 953-54. We conclude that the termination review panel's decision in this case was sufficient to satisfy *Wolff*'s requirement of a written statement of the evidence relied upon and the reasons for the action.

Mr. Firth argues further that the district court erred in applying the "some evidence" standard to determine whether the termination review panel's decision complied with due process requirements. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). In *Hill*, the Supreme Court held that, in addition to the procedures mandated by *Wolff*, the findings in a prison disciplinary proceeding

- 17 -

resulting in a loss of good time credits must be supported by "some evidence in the record" in order to "comport with the minimum requirements of procedural due process." *Id.* (quotation omitted). The Court explained that "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [fact finder]." *Id.* at 455-56.

Mr. Firth contends that, after the panel issued a decision in his case, CDOC instituted a new requirement that decisions by a termination review panel must be based on a preponderance of the evidence. He claims that defendants violated his due process rights by not applying that evidentiary standard in his hearing. Mr. Firth's argument confuses the standard of proof applied by the fact finders in his case with the standard a federal court employs in determining whether findings by prison authorities satisfy due process. *See Plunk v. Givens*, 234 F.3d 1128, 1129-30 (10th Cir. 2000) (rejecting similar claim that district court erred in applying "some evidence" standard in determining whether disciplinary conviction complied with dictates of due process). The Court stated in *Hill* that "[t]he fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." 472 U.S. at 456. Consistent with *Hill*, we conclude that the district court did not err in applying the "some evidence" standard in this case. *Cf. Gwinn*, 354 F.3d at 1214, 1218-19 (holding

"some evidence" standard applicable to CDOC decision classifying inmate who had not been convicted of a sexual offense as a sex offender). Because Mr. Firth does not advance any contention that the evidence here failed to meet the "some evidence" standard, he fails to show that the termination review panel's decision violated his due process rights.

### 2. Deprivation of Procedural Due Process in Suspension from the SOTMP Without a Hearing

Upon receipt of the notice that his therapists had recommended his termination from the SOTMP, Mr. Firth was suspended from treatment pending his termination review hearing. There is no dispute that he did not receive a hearing before his suspension. He contends that the lack of a hearing at this stage violated his due process rights. The district court found that Mr. Firth's suspension lasted only a brief period of time: from August 31 to September 15, 2009, the date the panel issued its decision. In rejecting his claim that the suspension from the SOTMP deprived him of a protected liberty interest, the court reasoned:

> The record here does not indicate that Mr. Firth suffered a lengthy suspension for no apparent reason; by all appearances, CDOC and the review board proceeded expeditiously, considering two days of testimony and supporting exhibits and writing a decision containing specific factual findings and conclusions, all within the span of 15 days. Under these circumstances, the Court cannot say that the restraints on Mr. Firth during the period of suspension were such atypical and substantial hardships that he was entitled to procedural Due Process protection before being suspended.

R. at 1343.

On appeal, Mr. Firth challenges the district court's determination that he did not suffer an atypical and substantial hardship by being suspended from the SOTMP pending his termination review hearing. He maintains that his suspension resulted in "penal imprisonment for the rest of his natural life with the details of his sexual assault known to the general prison population and no possibility of return to SOTMP or of parole eligibility." Aplt. Opening Br. at 58. But he points to no evidence that he suffered such consequences as a result of his suspension from the SOTMP. And we have already held that he received the process dictated by *Wolff* before being terminated from treatment. Nor does he address the district court's conclusion, based on the limited suspension period, that he failed to show a protected liberty interest. Instead, he devotes the majority of his argument on this claim to the process that he contends would be required *if* he had established a liberty interest. Accordingly, we affirm the district court's grant of summary judgment in favor of defendants on this claim.

### 3. Deprivation of Procedural Due Process by Failing to Provide Timely and Adequate SOTMP Treatment

Mr. Firth also contends that the district court erred in dismissing his claim that defendants violated his procedural due process rights by failing to provide him sufficient access to SOTMP treatment. The district court construed this claim as asserting a protected liberty interest not only in the ability to participate in mandatory SOTMP treatment (which defendants concede), but more specifically in the ability to complete SOTMP treatment before he had served his minimum sentence, so that he

could be eligible for parole at that time.[5] Mr. Firth contended that state statutes and regulations created such an entitlement, but the district court concluded that none of the authorities he cited supported the finding of a liberty interest.

On appeal, Mr. Firth renews his contention that various state statutes and regulations create a liberty interest in "continuous SOTMP . . . sufficient that he may progress . . . [and] be considered a candidate for parole . . . within the time period of his minimum sentence less earned time." *Id.* at 33. We construe his claim as asserting a liberty interest in progressing in or completing SOTMP treatment such that he would be eligible for parole in that timeframe. *See id.* at 34 (asserting that "[t]he legislature would not order a parole hearing if they did not fully expect the inmate to be a candidate eligible for parole at that time. The inmate cannot be a candidate eligible for parole unless he has successfully progressed in SOTMP and has Defendants' recommendation in favor of parole.").

Mr. Firth cites numerous state statutory sections in his opening appeal brief that he maintains create the liberty interest he alleges. Many of these sections were repealed in 2002, *see* Colo. Rev. Stat. §§ 16-13-801 to 16-13-812, and he does not cite corresponding statutes that are currently in effect, if any. Other statutes he

---

[5]  The district court stated that if Mr. Firth claimed a liberty interest in the ability to sufficiently *progress* in the SOTMP in order to be eligible for parole by the time he had served his minimum sentence, as opposed to the ability to complete the SOTMP in that timeframe, his claim would still be subject to dismissal because he identified nothing specific about the SOTMP in his original complaint that made it impossible to progress in treatment.

- 21 -

points to were not considered by the district court, and he fails to identify the specific pages in the record where he brought these provisions to that court's attention. *See Lopez v. Behles (In re Am. Ready Mix, Inc.)*, 14 F.3d 1497, 1502 (10th Cir. 1994) (holding issue not properly before the appellate court where appellant fails to demonstrate where in the record an issue was raised in the district court). Notably, he does not cite to the points in the record where he raised and the district court considered his argument that Colo. Rev. Stat. § 16-11.7-103(4)(b) guarantees an inmate "continuous" SOTMP treatment. We decline to consider statutes that Mr. Firth cites for the first time on appeal.

But as he did in the district court, Mr. Firth also relies on CDOC's AR 700-19 to support his contention that he has the liberty interest he claims. The district court held that the provisions of AR 700-19 undercut any contention that state law requires CDOC to provide sex offenders an ability to complete the SOTMP before the end of their minimum sentences. The court focused on regulatory provisions specifically calling for prioritization of treatment based on available resources, as well as other sections demonstrating CDOC's considerable discretion to apply various factors in determining access to treatment.

Mr. Firth argues that the district court applied the wrong version of AR 700-19 in its analysis. He notes that CDOC issued a revised regulation after he filed his original complaint, which deleted the specific language on which he relies. *Compare* AR 700-19 (Nov. 1, 2008), *with* AR 700-19 (Apr. 1, 2009). The earlier version of

AR 700-19 stated: "The Department of Corrections shall provide treatment formats which give offenders the opportunity to progress in treatment and be considered a candidate for parole within the time period of their minimum sentence." AR 700-19 IV(G) (Nov. 1, 2008). But the district court addressed that language as well, concluding that the key word was "progress," and holding that, "[a]t best, this portion of the regulation creates a mandatory duty on CDOC officials to allow each inmate the opportunity to begin SOTMP treatment before the expiration of their minimum sentence, such that they can thereafter demonstrate 'progress.'" R. at 208 n.9.

We agree with the district court that the language cited by Mr. Firth in the earlier version of AR 700-19 did not create the liberty interest he asserts. It did not guarantee that CDOC would provide SOTMP treatment that would result in sufficient progress in or completion of treatment to make an inmate eligible for parole by the time he served his minimum sentence. The language he cites required only that inmates be given an *opportunity* to progress in treatment and be *considered* for parole within that time period. We affirm the district court's dismissal of this claim on the basis that Mr. Firth failed to establish a protected liberty interest.

### B.      Substantive Due Process Claims

Mr. Firth contends that the district court erred in granting defendants summary judgment on his substantive due process claims. "Substantive due process bars certain government actions regardless of the fairness of the procedures used to implement them." *Brown v. Montoya*, 662 F.3d 1152, 1172 (10th Cir. 2011)

(quotation omitted). "The Supreme Court has described two strands of the substantive due process doctrine. One strand protects an individual's fundamental liberty interests, while the other protects against the exercise of governmental power that shocks the conscience." *Seegmiller v. LaVerkin City*, 528 F.3d 762, 767 (10th Cir. 2008). "Prisoners are entitled to substantive due process; but substantive-due-process rights available to free persons may be denied to prisoners if the denial bears a rational relation to legitimate penological interests." *Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011) (quotation and brackets omitted).

### 1. Compulsion to Make False Statements

Mr. Firth argues that the district court misconstrued one of his substantive due process claims as asserting a violation of his Fifth Amendment right against self-incrimination. He states that he "had no desire to remain silent or to avoid conceding factual or legal issues." Aplt. Opening Br. at 18.[6] Instead, he maintains that defendants forced him to fabricate facts regarding his thoughts and conduct. He alleges further that, based on these fabricated facts, defendants forced him to acknowledge that he is high risk and dangerous. He maintains that, by doing so, defendants effectively forced him to choose between telling the truth and being

---

[6]     We agree with the district court that Mr. Firth did assert a violation of his Fifth Amendment right against self-incrimination. But he affirmatively abandons that claim on appeal. Consequently, we have no occasion to review the district court's holding that the therapeutic and rehabilitative goals behind the SOTMP constitute legitimate penological interests that prevail over an inmate's invocation of his Fifth Amendment rights.

terminated from the SOTMP, or fabricating facts and admitting that he is high risk

and dangerous in order to remain in the treatment program. In either case, he

contends that the result is prolonged imprisonment up to his natural life. Mr. Firth

refers to defendants' alleged insistence that he make false statements in the SOTMP

as a "quagmire" they created that prevents him from progressing in treatment, as well

as a "perverted paradigm" of the 1998 Act. *Id.* at 35, 39. He argues that defendants'

conduct both implicates his fundamental liberty interests and shocks the judicial

conscience. And he concludes that "[t]he need for Plaintiff to lie is not narrowly

tailored to serve a compelling government interest." *Id.* at 13.[7]

Mr. Firth's claim requires him to show that defendants forced him to make

false statements of fact in order to progress in treatment. He purports to identify

twenty-five instances in which defendants compelled him to do so or suffer

termination from the SOTMP. But the incidents that Mr. Firth relates involve

disagreements between him and his therapists regarding characterizations of the facts

he reported, rather than defendants forcing him to make false statements of fact in

order to progress in treatment. Several examples are illustrative: He repeatedly

disagreed with his therapists about whether certain thoughts he had disclosed were

properly characterized as "fantasies," "daydreams," or "flash thoughts," and whether

---

[7]     We consider this claim because Mr. Firth did raise his allegation of defendants requiring forced fabrications in the district court, although that court did not address it. It is also a common theme throughout his appellate arguments and ultimately underlies several of his claims.

they placed him at high risk or not. He and one of his therapists disagreed about whether a vision that he had of his sister floating up to heaven in a white gown meant that he perceived it was acceptable to fantasize about his sister, who was one of his sexual-assault victims and who later committed suicide. He disagreed with his therapists' conclusion that he had accused his peers of targeting him based on his statement, "I feel targeted." He and his therapists disagreed on whether he had "followed" a jogger when he admitted that he saw her and chose to drive past her to look at her. And he and his therapists disagreed on whether his possession of a knife in his glove box, when it was not illegal for him to do so, was nonetheless high risk conduct for a sex offender.[8]

We need not decide whether defendants would violate Mr. Firth's substantive due process rights if they forced him to make false statements of fact in order to progress in SOTMP treatment, because we conclude that he fails to point to evidence supporting his claim that defendants did so. Consequently, because Mr. Firth failed to show a genuine dispute of material fact with respect to an essential element of his

---

[8] Mr. Firth raised with the termination review panel these and other disagreements he had with his therapists. But

> [t]he Panel concluded that the offender is locked in a cycle of defensiveness and is generally unwilling to explore his thinking and behavior patterns except on his own terms. . . . The Panel concluded that there were significant instances of the offender reporting his thinking, but that these reports became embroiled in unproductive resistance as to their meaning and definition.

R. at 283.

claim, we affirm the district court's grant of summary judgment in favor of defendants on this alternative ground.  *See Jensen v. Kimble*, 1 F.3d 1073, 1077 (10th Cir. 1993) (when nonmoving party fails to show genuine issue for trial with respect to essential element of claim on which he bears burden of proof, moving party is entitled to summary judgment); *Stat-Tech Int'l Corp. v. Delutes (In re Stat-Tech Int'l Corp.)*, 47 F.3d 1054, 1057 (10th Cir. 1995) ("[W]e are free to affirm a grant of summary judgment on grounds different than those used by the district court if the record is sufficient to support such grounds.").

## 2. Arbitrary Withholding of Recommendation for Parole

In his other substantive due process claim Mr. Firth asserts that defendants violated his fundamental rights by arbitrarily withholding a recommendation that he be paroled.  The district court held that he has no protected liberty interest in a favorable parole recommendation.  Citing *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979), the court stated that, absent a state-created entitlement thereto, there is no constitutional entitlement to parole.  The court reasoned, "if there is no constitutional obligation for the state to grant parole, there can be no obligation for the Defendants to recommend it be granted."  R. at 1346.  While acknowledging that state law could create a non-discretionary obligation to recommend parole, the court held that CDOC's parole-recommendation process turned on subjective determinations by SOTMP therapists.  Therefore, the court concluded that Mr. Firth failed to show an entitlement to a favorable parole

- 27 -

recommendation and could not allege a substantive due process claim based on his failure to receive one.

Mr. Firth argues on appeal that defendants are statutorily required to make a parole recommendation, but the statute he cites was repealed in 2002. *See* Colo. Rev. Stat. § 16-13-806(1). He also argues that no inmate can be held beyond his maximum imprisonment sentence and that all inmates must be paroled upon reaching their mandatory release dates. But he fails to acknowledge that his maximum sentence is life in prison under Colo. Rev. Stat. § 18-1.3-1004(1)(a). The remainder of Mr. Firth's arguments in favor of a non-discretionary right to a favorable parole recommendation rely on his assertion that he has a right to SOTMP treatment that will make him eligible for parole upon completion of his minimum sentence. We have already rejected that contention. Accordingly, we affirm the district court's grant of summary judgment in favor of defendants on all of Mr. Firth's substantive due process claims.

### C. Claims that the SOTMP Standards are Void for Vagueness

"As a basic matter of due process, a law is 'void for vagueness' if it does not clearly define its prohibitions." *Doctor John's, Inc. v. City of Roy*, 465 F.3d 1150, 1157 (10th Cir. 2006). "A statute is unconstitutionally vague for one of two reasons: it either fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits; or it authorizes or even encourages arbitrary and discriminatory enforcement." *Id.* at 1158 (quotations omitted).

Mr. Firth argues that the district court erred in dismissing his original void-for-vagueness claim and in granting summary judgment on the claim that he alleged in his supplemental complaint. He had originally alleged that the regulations governing the SOTMP were void for vagueness because they gave his therapists unfettered discretion to deem him compliant or non-compliant with treatment goals. The district court construed his claim as focused on the term "minimizing" as it is used in the SOTMP, and it held that term was not unconstitutionally vague. Regarding his claim in his supplemental complaint, the court concluded that Mr. Firth was actually challenging the findings and conclusions of his therapists regarding how to characterize his thoughts and conduct, and to that extent he failed to substantiate a void-for-vagueness claim.

Mr. Firth's arguments on appeal follow the same path. He affirmatively states that the term "minimizing" is *not* void for vagueness, *see* Aplt. Opening Br. at 42, emphasizing instead his disagreement with his therapists' perceptions of the importance of his disclosures of his thoughts and conduct. He asserts that defendants have failed to give him notice regarding what he is minimizing, but his argument ultimately returns to his claim—that we have already rejected as not supported by evidence sufficient to show a material fact in dispute—that defendants have compelled him to make false statements and fabrications in order to progress in the SOTMP. He therefore fails to establish error in the district court's dismissal of his

original void-for-vagueness claim or the court's grant of summary judgment in favor of defendants on his supplemental claim.

### D. Violation of the Equal Protection Clause

To state an equal protection claim, a plaintiff must allege that similarly situated persons are treated differently. *See Price-Cornelison v. Brooks*, 524 F.3d 1103, 1109 (10th Cir. 2008). If the challenged government action does not implicate a fundamental right or a protected class, the plaintiff must show that it was not justified by a "rational relation to some legitimate end." *Id.* at 1110 (quotation omitted).

Mr. Firth contends that the district court erred in dismissing his claim that applying different parole eligibility requirements for sex offenders sentenced before and after the 1998 Act violates the Equal Protection Clause. He does not argue that this differential treatment is based upon a suspect classification or a fundamental right, so we construe his claim to be that there is no rational basis for the distinction. The district court held that the Colorado legislature's decision in 1998 to provide for a more comprehensive sex-offender-treatment scheme provides a rational basis. Mr. Firth does not dispute this conclusion. Instead, he argues there is no rational basis for the defendants' application of the 1998 Act, specifically their "perverted paradigm" under which he is required to make false statements in order to progress in the SOTMP. Again, we have held that Mr. Firth failed to present evidence of defendants compelling him to make false factual statements sufficient to establish a material fact in dispute. Therefore, we reject his contention of error and affirm the

district court's grant of summary judgment in favor of defendants on his equal protection claim.[9]

## IV.    Conclusion

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[9]    To the extent that Mr. Firth attempts to raise additional issues on appeal, his arguments are insufficiently developed to invoke appellate review. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) ("perfunctory" allegations of error that "fail to frame and develop an issue [are in]sufficient to invoke appellate review").