**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 13, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SCOTT FIRTH,

      Petitioner - Appellant,

v.

RICK RAEMISCH, Executive
Director for Colorado Department of
Corrections; CYNTHIA COFFMAN,
Attorney General for Colorado,

      Respondents - Appellees.

No. 16-1380
(D.C. No. 1:16-CV-00406-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, Chief Judge, **KELLY**, and **MATHESON**, Circuit Judges.

Scott Firth, a Colorado state prisoner, appeals from the district court's

dismissal of his application for a writ of habeas corpus. Firth raised three claims:

(1) entitlement to a definite prison term, (2) entitlement to earned-time credits,

and (3) entitlement to discretionary parole. The district court concluded that none

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of the claims has merit. To pursue this appeal, Firth must obtain a certificate of appealability (COA) from this court. 28 U.S.C. § 2253(c)(1)(A). That, in turn, requires him to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by establishing "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). He cannot meet these requirements.

We agree with the district court that the first and third claims challenge the *validity* of his sentence rather than the *execution* of it, and so are properly considered under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241. Regardless of his characterization, Firth's underlying claim is that he deserves immediate release because his current sentence is illegal. That claim thus challenges the validity rather than the execution of the sentence. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005). As this court turned away his earlier § 2254 application, *see Firth v. Smelser*, 403 F. App'x 321, 322 (10th Cir. 2010) (unpublished), Firth must demonstrate entitlement to file a second or successive application, which we can authorize only if a new rule of constitutional law (made retroactive by the Supreme Court) or some new factual predicate has emerged. *See* 28 U.S.C. § 2244(b). Because Firth points to neither here, we deny authorization to file the current application.

- 2 -

We also conclude that reasonable jurists would not disagree with the district court's dismissal of the earned-time credits claim. As this court noted in *Fogle v. Pierson*, 435 F.3d 1252 (10th Cir. 2006), Colorado law makes earned-time credits discretionary, not mandatory, so prisoners have no entitlement to them. *Id.* at 1262. Nothing in Firth's brief persuades us that *Fogle* spoke incorrectly. The lack of a constitutionally protected liberty interest in earned-time credits under Colorado law thus precludes federal habeas relief.

We DENY the request for a COA and dismiss this appeal. Further, we DENY Mr. Firth's motions to certify a question of state law, to interpret questions of law, and for authorization to file a second or successive habeas application. Finally, we DENY the motion to proceed *in forma pauperis* and remind Firth of his obligation to pay the filing fee in full.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge